[Crim. No. 2547.   Third Dist.   Dec. 15, 1954.]

THE PEOPLE, Respondent, v. ALFRED SALINAS, Appellant.

George I. Lewis for Appellant.

Edmund G. Brown, Attorney General, Doris H. Maier and Frederick G. Girard, Deputy Attorneys General, for Respondent.

PEEK, J.—This is an appeal by defendant, Alfred Salinas, from a judgment of conviction of a violation of section 11500 of the Health and Safety Code, and from the order denying his motion for a new trial.

The record discloses that the defendant was apprehended while driving an automobile in the city of Sacramento and was then taken to a house in Broderick, Yolo County. While one inspector remained with the defendant in the car, two other officers entered the front door of the residence. The key by which they gained admittance was attached to a key ring on which was the ignition key to the car operated by the defendant. Inside the residence they found the defendant, Etha Law, who acknowledged that she rented a room to defendant Salinas. During their search of the premises one of the inspectors noticed an object which contained white powder protruding from the brassiere being worn by Law. He also noticed a brown capsule on the floor near her feet. Upon inquiry concerning the nature of the contents of the two containers, she stated she had received the white powder from a doctor in Sacramento; that it was originally codeine tablets, but that she had ground the same into powder

form to make it easier to swallow since she could not swallow tablets. She stated she did not know how the brown container got on the floor. Salinas was then brought into the house. During the time he remained in the car with the inspectors, defendant informed them that the car belonged to a Mr. Law who had been unable to keep up the payments; that he, the defendant, was presently making the payments, and was to keep possession until Mr. Law could repay him. Defendant further told the officers that he lived at the residence only occasionally. He also stated that defendant Law had nothing to do with the matter; that the narcotics were his; that she knew nothing about it and that he had obtained the same earlier that morning from a Mexican; that he had paid nothing therefor, but was to pay at a later date when he had disposed of it. He further stated to the officers that the brown substance was heroin and that the white substance was a powder used for cutting heroin. Subsequently he made similar statements while being interrogated at the office of the State Bureau of Narcotics in Sacramento. The inspectors testified to finding letters addressed to defendant in a dresser drawer in the house and also a quantity of men's clothing. One officer further testified that when they left the house for the Sacramento office, defendant took some of the clothing with him and told the officers that the clothes were his. A chemist testifying on behalf of the People stated that the white powder was cocaine and that the brown capsule contained heroin.

The defendant Law, while testifying in her own behalf, denied generally the testimony given by the officers. In particular she testified that while the officers were searching the room she noticed the two containers on the floor; that she had never seen them before; that she picked them up and was about to return to where she was sitting when one of the officers noticed the same in her hand, came over, and took them from her. She also testified that she rented a room to one Gabino Salinas, 87 years of age; that the telephone was listed under his name; that he paid her $100 a month for room and board; that the clothes found there were his; and that the defendant Salinas did not live at that address. She denied having made any statements to the officers and also denied hearing any statements made by Salinas to them. A friend of hers testified that she knew Gabino Salinas and that he lived at that address. Defendant Salinas did not testify.

From our examination of the record it appears wholly unnecessary to discuss in detail each of the 14 separate conten-

tions made by defendant since many are but restatements of similar contentions, and some are mere observations on various aspects of the case.

As usual the first contention is that the evidence is insufficient. It is undisputed that narcotics were found in the house and on the person of the defendant Law; Salinas admitted to the officers that the narcotics were his—that he had purchased them from a Mexican and that Law was innocent; admission to the house was gained by using a key then in the possession of defendant; letters addressed to him were found in the house; he had clothing there; although it was admitted. to officers by both defendants that Salinas did live there, the defendant Law, when testifying in her own behalf, denied most of the evidence introduced by the State. Such evidence was amply sufficient. (*People* v. *Bigelow,* 104 Cal.App.2d 380 [231 P.2d 881].)

Appellant's contention to the contrary, there can be no question but that the evidence established the corpus delicti when there was shown to be illegal possession of a prohibited narcotic. It is not necessary to prove a defendant's connection with the narcotic in order to establish the essential elements to prove the corpus delicti. (*People* v. *Cuellar,* 110 Cal.App.2d 273, 276 [242 P.2d 694]; *People* v. *Chan Chaun,* 41 Cal.App.2d 586, 589 [107 P.2d 455].) Having proved the elements by substantial evidence, it cannot be said that the admissions made by the defendant were improperly admitted.

Appellant next contends that the court erred in denying his motion for a separate trial. A defendant, jointly charged with another "is not entitled to a separate trial as a matter of right, and the question of severance rests entirely in the discretion of the court." (*People* v. *King,* 30 Cal.App. 2d 185 [85 P.2d 928]; *People* v. *Burton,* 91 Cal.App.2d 695, 715 [205 P.2d 1065].) In the absence of any showing that the trial court abused its discretion in this regard, its ruling will not be disturbed on appeal.

It is next urged that the trial court committed error in its examination of a witness for the prosecution. We find nothing improper in the attacked action of the court. Counsel for defendant has failed to show any prejudice other than his bald statement that such was the case. This is also true of his further objection to a comment of the court which is equally without merit. Furthermore, in neither instance did counsel object to the remarks or assign the same as being prejudicial.

It is next contended that the court should have granted defendant's motion for a mistrial because of the repeated voluntary statements of a highly prejudicial nature made by a witness for the State after he was warned by the court not to do so. The statements in question obviously were designed to convey to the jury the witness' acquaintance with the defendant as a narcotics violator. Such conduct cannot be condoned. The comments were not made through ignorance of court procedure. By virtue of his long experience in law enforcement, the witness was at least as well aware of this particular rule of evidence as was counsel. If the evidence in this case did not so preponderantly support the conviction, the comments so attacked might well warrant a reversal of the judgment. However, in view of the provisions of section 4½ of article VI of the Constitution, we cannot say that such error resulted in a "miscarriage of justice."

Defendant's next contention is that the court failed in not giving, of its own motion, an instruction advising the jury that it was necessary to establish the corpus delicti by evidence independent of the purported admissions and statements of the defendant. While ordinarily a court should so instruct, a failure to do so is not reversible error where, as here, the corpus delicti was fully established independent of any admission on the part of defendant. (*People* v. *Clark,* 117 Cal.App.2d 134, 141 [255 P.2d 79].)

Defendant next contends that prosecution witnesses, who had previously testified, discussed the case with other prosecution witnesses who had not yet been called, and therefore the court should have granted a mistrial. An examination of the record shows that at no stage of the proceeding did counsel for defendant mention to the court that a mistrial should be granted because of the alleged improper conversations. Secondly, the record shows that these conversations did not relate to the case at trial, but were on matters wholly unrelated to the same. Obviously, therefore, it cannot be said that prejudicial injury resulted therefrom.

Appellant's final contention is that the court erred in admitting certain rebuttal testimony concerning a second automobile. We find no merit whatsoever in such contention.

The judgment and order are affirmed.

Van Dyke, P. J., and Schottky, J., concurred.

A petition for a rehearing was denied December 30, 1954.