[Crim. No. 5570. Second Dist., Div. Three. Dec. 5, 1956.]

THE PEOPLE, Respondent, v. GEORGE E. RUIZ et al.,
Appellants.

 

Albert C. Garber, under appointment by the District Court of Appeal, for Appellants.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and Arlo E. Smith, Deputy Attorney General, for Respondent.

SHINN, P. J.—George E. Ruiz and Jose B. Delgado were accused of violating section 11500 of the Health and Safety Code in that they wilfully, unlawfully and feloniously had in their possession a preparation of heroin. Defendant Ruiz was charged with two prior felony convictions; defendant Delgado was charged with one prior felony conviction. (All three previous convictions were for offenses involving narcotics.) Defendants pleaded not guilty and denied the priors. Trial was to the court. The evidence consisted of that received at the preliminary hearing and additional evidence introduced at the trial. The court found defendants guilty and found the prior convictions to be true. Defendants appeal from the judgment.

There was evidence of the following facts. Jack Gerson, a Los Angeles police officer, testified that about 10:15 p. m. Gerson and his partner observed a woman named Alvarado approach and talk to three or four men who were standing on the sidewalk at the corner of Seventh and Figueroa Streets in Los Angeles. Suspecting that she might be a prostitute, the officers followed her in their car. She stopped in front of a hotel on North Flower Street, where she met Florence Carreon and Robert Morales on the sidewalk. After a short conversation they entered the hotel, walked down the hall, and entered an apartment.

The officers approached the apartment and listened outside the door. They overheard bits of conversation. Someone inside the apartment said: "O.K., give me the . . . now."

This indicated to the witness that a narcotics transaction was taking place. Gerson then discovered a small hole in the door of the apartment about two feet above the floor. He denied having drilled the hole himself, although he admitted having drilled such holes in the past. He looked through the hole and saw defendant Ruiz squatting on the floor. Ruiz was holding a rubber fingerstall in his right hand. In his left hand, he was holding up two small balloons. Gerson testified that narcotics are often concealed in rubber balloons. He then saw Ruiz put the balloons in the fingerstall and hand them to someone. He was unable to see the face of the person to whom they were given, but was sure that the recipient was a man. He saw a hand give Ruiz a number of bills, which Ruiz folded and placed in his pants pocket.

The officers then broke into the room, identified themselves, and placed its occupants under arrest. They had no search warrant and no arrest warrant. (Charges against Morales, Carreon and Alvarado were dismissed at the preliminary hearing.) As he entered, Gerson saw Ruiz throw a small object on the floor in the doorway leading from the living room into the kitchen. He found an eyedropper and a hypodermic needle on the floor where he had seen Ruiz throw the object. The other officer found the fingerstall and balloons under an overstuffed chair inside the kitchen doorway. Gerson searched Ruiz and found $80 in the same pants pocket into which he had previously seen him place the bills. All the occupants of the room denied having had any narcotics in their possession, though Florence Carreon told the officer later that Delgado was buying narcotics from Ruiz.

William G. Penprase, a police chemist, testified that he examined the balloons which Officer Gerson had found under the chair. They each contained capsules of heroin.

John R. Sprankle, one of the investigating officers on the case, testified that Delgado wrote and signed a confession in his presence, and that it was freely and voluntarily made. It was introduced into evidence over an objection that the corpus delicti had not been established. The substance of Delgado's confession was that he brought the heroin to Ruiz's apartment with him for his own use and threw it on the floor when the officers broke in.

Defendant Ruiz, testifying in his own behalf, stated that he had lived in the apartment for several days prior to his arrest. There was no hole in the door when he moved in. He admitted having the fingerstall and balloons, but said that

Delgado was only showing them to him and that he returned them immediately to Delgado. He admitted knowing that the balloons contained narcotics. He said that he saw the heroin on the floor but did not know who threw it there.

Defendant Delgado, testifying in his own behalf, stated that he brought the heroin to Ruiz's apartment and threw it on the floor when the police entered. He had no money with him and did not pay any to Ruiz; he did not see a hole in the door when he came into the apartment.

At the close of the testimony, defendants moved to suppress the evidence on the grounds that it had been obtained as a result of an unlawful arrest and search. The motion was denied.

The first assignment of error to be considered is that the court erred in admitting in evidence the capsules of heroin and the other narcotics paraphernalia. Defendants argue, in this connection, that the officers entered the apartment without reasonable or probable cause, that their forcible entry was a trespass, that Delgado was arrested without reasonable or probable cause, and that the evidence was obtained through an unlawful search and seizure. These related contentions are without merit.

■ There was evidence which would have justified a reasonable belief that a felony was being committed inside the apartment. From the statement which Officer Gerson overheard while listening at the door and from what he saw while looking through the hole in the door, it could be reasonably inferred that Ruiz was in possession of narcotics and that a sale was being consummated. What Gerson heard and observed while outside the apartment was admissible in evidence, and was not obtained by an unreasonable search. (*People* v. *Hen Chin*, 145 Cal.App.2d 583 [303 P.2d 18]; *People* v. *Martin*, 45 Cal.2d 755, 762 [290 P.2d 855].) There was no evidence of any illegal activity on the part of the officers. We attach no significance to the fact that they were led to Ruiz's apartment through a suspicion that the Alvarado woman was engaged in prostitution. Had Officer Gerson drilled the hole in the door so as to observe what was going on inside the room, it would have been a flagrant violation of the constitutional rights of defendants. But it cannot be said from the evidence that Gerson drilled the hole. He denied doing so, and the testimony of defendants that the hole was not previously there merely created a conflict in the evidence on this point.

■ The forcible entry was justified. Had the officers knocked on the door, identified themselves, and waited to be admitted, the occupants would have had an opportunity to secrete the heroin. The officers had reason to believe that if they did not gain immediate access to the evidence, it might be destroyed. Their belief was confirmed by the unsuccessful attempt to hide the heroin.

■ Defendants urge that the officers neither saw nor heard anything which would indicate that Delgado was committing a crime. Although Officer Gerson saw Ruiz hand the balloons to a man and accept money in exchange, he did not know who was dealing with Ruiz. But the reasonableness of the search did not depend upon the legality of Delgado's arrest. Since the arrest of Ruiz was valid and based upon reasonable cause, a reasonable search of the apartment was also proper. (*People v. Boyles,* 45 Cal.2d 652, 655 [290 P.2d 535] ; *People* v. *Coleman,* 134 Cal.App.2d 594 [286 P.2d 582].)

■ The next assignment of error is that Delgado's signed confession was erroneously admitted in evidence. Defendants argue that the corpus delicti had not been established. But all that was required was prima facie proof of the illegal possession of a narcotic by someone within the room. It was not necessary to show Delgado's connection with the crime before his confession could be introduced. (*People* v. *Salinas,* 129 Cal.App.2d 565, 568 [277 P.2d 931] ; *People* v. *Bigelow,* 104 Cal.App.2d 380, 385 [231 P.2d 881].) Delgado contends that if the evidence establishing the corpus delicti were illegally obtained, his confession would be inadmissible. But as we have decided that the evidence was not obtained through a violation of constitutional guarantees, it follows that the confession was properly admitted.

■ The final assignment of error is the insufficiency of the evidence to show that Delgado was in possession of narcotics. But he confessed that he brought the heroin with him to Ruiz's apartment and testified to that fact. His codefendant, Ruiz, testified that Delgado had the heroin. When the officers broke into the apartment, Delgado admittedly threw the narcotics under a chair in fear of apprehension. We are of the view that the court was justified in determining, from these circumstances, that Delgado had dominion and control over the heroin. The adjudications that appellants had suffered the prior convictions are not questioned.

The judgment is affirmed.

Wood (Parker), J., and Vallée, J., concurred.