## SHIELDS *v.* STATE

[No. 338, September Term, 1961.]

*Decided June 18, 1962.*

The cause was argued before Brune, C. J., and Hammond, Prescott, Horney and Sybert, JJ.

*Albert A. Levin* for the appellant.

*Thomas W. Jamison, III, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, Saul A. Harris, State's Attorney for Baltimore City,* and *Dene L. Lusby, Assistant State's Attorney,* on the brief, for the appellee.

Per Curiam.

The appellant, Howard D. Shields, was convicted by the Criminal Court of Baltimore (sitting without a jury) on two

counts of violation of the narcotics law, charging him respectively with possession and control of heroin. On this appeal, he argues that unconstitutionally seized evidence was erroneously admitted in evidence and that the convictions were not supported by the evidence.

Two policemen testified that Shields, a suspected narcotics user, was encountered by them and a third officer on Pennsylvania Avenue in Baltimore City on October 20, 1961, and that he then consented to a search of his person, which produced two capsules containing a residue of heroin. Although Shields testified that the three officers pushed him against a wall, forcibly subjected him to a search, and then arrested him when they found the two capsules, his testimony was not believed by the trial judge and that of the testifying policemen was. Under these circumstances, the determination as to whether the search was permissive was for the trial court, and unless we find it to have been clearly erroneous, which we do not, we may not substitute our judgment for his. *Knuckles v. State,* 228 Md. 318, 319-320. "It has been held many times by this Court that a person cannot complain of a search and seizure to which he freely and voluntarily consents." *Lyles v. State,* 203 Md. 605, 610.

Regarding the sufficiency of the evidence, we think the facts that the two capsules (which on chemical analysis were found to contain a residue of heroin) were found on Shields' person, and that his own testimony was that he was a sporadic user and had indeed used narcotics the day before his arrest (a virtual confession), taken together adequately supported the trial judge's finding that the appellant had violated the narcotics law.

*Judgment affirmed.*