## WILLIAMS *v.* STATE

[No. 228, September Term, 1962.]

84

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, HORNEY and MARBURY, JJ.

*Leonard J. Kerpelman,* for appellant.

*James P. Garland, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, William J. O'Donnell* and *Charles E. Moylan, Jr., State's Attorney* and *Assistant State's Attorney,* respectively, for Baltimore City, on the brief, for appellee.

HENDERSON, J., delivered the opinion of the Court.

This appellant was convicted by the court without a jury of being a second offender under the narcotics drug law. On May 28, 1962, three police officers from the narcotics squad went to 1716 Eutaw Place on information received. They observed the appellant come out of the rear basement door, then run back when he saw the officers. Officer Robinson sought and obtained permission from a tenant to enter into a common hallway and observed Williams going up the stairs toward the third floor. The officer admitted the other officers. Mrs. Beale, one of the tenants on the third floor standing in her open doorway, handed the officer a package which, she said, had been thrust into her hands by Williams a few seconds before, with the remark: "Hold this for me." The package contained white capsules and paraphernalia, such as hypodermic needles, bottle caps and eye droppers.

About 15 minutes later, when Williams appeared at the front door, he was placed under arrest. That the package contained heroin was later established by the testimony of a United States chemist. Immediately following his arrest, one of the officers testified he observed fresh needle marks on the backs of the appellant's hands and in the bend of his left arm, and numerous old marks on both arms. At the police station, about an hour and a half afterwards, the appellant orally admitted that he had been using heroin, but refused to admit ownership of the package, or to sign any statement. However, after a hearing before a magistrate at which Mrs. Beale testified, he admitted that he had obtained the heroin from a dealer in Washington, known as "Fat Head".

The appellant first raises a contention that the oral character of the "confession" vitiated it, or imposed an additional burden on the State in proving its voluntary character. We find no merit in the contention, for the reasons stated in *Gault v. State*, 231 Md. 78. We think the State met the burden of showing that the confession was voluntary. All of the officers who were present during the interrogation of the appellant denied that there was any force or violence used, or any threats or promises made. The appellant contends, however, that the direct testimony of Officer Garrett is vitiated by the fact that when asked in cross-examination whether anyone said to Williams: "if you tell us about this case you will be better off", he replied: "I don't recall them saying that". This falls far short of a showing of inducement. Cf. *Ralph v. State*, 226 Md. 480, 486. The trial court stated that he believed the officers and did not believe Williams' story that he was beaten and threatened.

The appellant next contends that the court erred in admitting testimony as to "fresh" and "old" needle marks. This contention was also answered in the case of *Gault v. State, supra*, although the objection was not preserved in that case as it was in the instant case. The officer had eleven years of experience, and was qualified as an expert. He testified that he meant by "old" needle marks, those not administered within twenty-four hours. One of the "fresh" marks was actually bleeding. The old marks had scabs. We find no abuse of discretion in admitting the testimony.

The appellant contends that the court erred in sustaining objections to questions put to one of the officers in cross-examination. It had been brought out that the appellant had pleaded "not guilty" at a preliminary hearing, but that he had previously admitted using heroin. The question put to the officer was: "what made him change his mind when he got before the Judge and told the Judge he was not guilty?" The question was argumentative, and called for an opinion as to the mental processes of another person. We find no error. It was not even shown that the accused did change his mind. He did not admit possession or control of the package, the offense with which he was charged, until after the hearing. Another question was: "Are you always told to answer that you were in and out on narcotics squad business?" This is almost a classic example of improper cross-examination.

Finally, the appellant contends that when, after his arrest, he complied with the officer's request to "let me see your arms", he was deprived of his "right to immunity from self-incrimination." The officers testified that they had already observed a fresh needle mark on the back of the appellant's hand. The officers had seen Williams go up the stairway and, following him, had obtained a package which the tenant said he had thrust into her hands, containing what appeared to be narcotics. We think this was enough to constitute probable cause for the officers to believe that a crime was being committed in their presence and hence justified the arrest. Cf. *Allen v. State,* 229 Md. 253 and *Robinson v. State,* 229 Md. 503. Since the arrest was lawful, the evidence procured in the ensuing search was admissible, even if we assume, without deciding, that the search was involuntary, and not by consent as the trial court found. Cf. *Armwood v. State,* 229 Md. 565, *Shields v. State,* 229 Md. 153 and *Gault v. State, supra.* Moreover, the testimony as to the marks on the arms was merely cumulative and corroborative of the charge of possession, which was clearly established by the testimony of the tenant, the officers and the appellant's own admission. See *Schroder v. State,* 206 Md. 261, 266. The case of *Mapp v. Ohio,* 367 U. S. 643 is not in point.

The appellant relies upon *Allen v. State,* 183 Md. 603. But that case, if correctly decided, has been confined to its partic-

ular facts and has no application to tests or observations made by third persons out of court. See *Shanks v. State,* 185 Md. 437, 444; *Davis v. State,* 189 Md. 640, 644 and 17 Md. L. Rev. 193, 210. See also *Journigan v. State,* 223 Md. 405, 412. Courts in other jurisdictions have reached the same conclusion, in cases involving testimony as to needle marks. See *People v. Eberhard,* 249 P. 2d 590 (Cal.) and *State v. Robinson,* 58 So. 2d 408, 411 (La.), *cert. den.* 344 U. S. 904. See also 2 Wharton, *Criminal Evidence,* (12th ed.) § 659.

*Judgment affirmed.*