RAYMOND GILBERT BROADWAY *v.* STATE OF MARYLAND

[No. 91, September Term, 1967.]

*Decided February 15, 1968.*

The cause was argued before MURPHY, C. J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Richard D. Rosenthal* for appellant.

*William E. Brannan, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *James B. Dudley, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

PER CURIAM.

Appellant was convicted by the court sitting without a jury of possession and control of narcotics and on an addendum thereto found to be a second offender. He was sentenced to five years imprisonment. He contends on this appeal that the court erred in receiving the incriminating narcotics in evidence and that, in any event, the evidence was insufficient to support his conviction.

There was evidence adduced at the trial from which the trier of fact could find that police had obtained a search warrant for a designated two-story dwelling house in Baltimore City based on probable cause to believe that the narcotics laws were there being violated, with particular reference to the second floor rear bedroom; that the police forcibly entered the dwelling, ascended immediately to the second floor rear bedroom, and there found Robert Johnson and Hazel Magbee, lawful occupants of the dwelling, together with appellant; that the room was exceptionally small, with barely enough room for a bed; that appellant was sitting on the bed, watching television, and that on the floor, approximately a foot from him, a bag containing five grams of

heroin was found by police; that forty-two more bags of narcotics were recovered from a coat in the closet in the room; that appellant had fresh needle marks in his arms, as did Johnson and Magbee; and that appellant told the officer that he had used drugs while on the premises.

Appellant contends that he was a mere visitor to the premises, had no proprietary interest therein, or in the drugs, and that there was no evidence that he had any drugs within his possession or control. He further contends that the needle marks on his arms indicated, at most, that he was a drug addict, which is not a crime; and that because he was not named in the search warrant, he could not be arrested unless observed actually participating in a crime.

Appellant was not charged with being a drug addict, but instead with possessing and controlling narcotics. See *Murray v. State,* 236 Md. 375. That such possession and control need not be immediate and direct, but may be constructive, is well settled. *Henson v. State,* 236 Md. 518, 525. The fact that appellant had fresh needle marks in his arm when police entered the room, and admitted taking drugs while on the premises, together with his close proximity to the narcotics when apprehended, leads us to conclude that the trial judge was not clearly erroneous in finding appellant guilty of the offenses charged. See *Hill v. State,* 237 Md. 630; *Williams v. State,* 231 Md. 83; *Gault v. State,* 231 Md. 78; *Peachie v. State,* 203 Md. 239; *Stewart v. State,* 1 Md. App. 309. The fact that the appellant was a visitor to the premises, and not one of the occupants, does not, under the circumstances of this case, insulate him from application of the rule that evidence need not be positively connected with the accused or the crime committed in order to be admissible; it is admissible where there is a probability of its connection with the accused or the crime. See *Woodell v. State,* 2 Md. App. 433, 436. Nor does the fact that appellant was not named in the search warrant aid his defense. The police were lawfully on the premises under the search warrant and had probable cause to arrest appellant for the felony of possession and control of narcotics. See *Salmon v. State,* 2 Md. App. 513.

We conclude, therefore, that appellant's conviction was amply supported by the evidence.[1]

*Judgment affirmed.*

---

**1.** The convictions of Johnson and Magbee were sustained by this court on appeal. See *Johnson v. State*, 2 Md. App. 300.