JAMES D. SMITH *v.* STATE OF INDIANA.

[No. 3-1073A134. Filed October 8, 1974. Rehearing denied November 27, 1974. Transfer denied October 17, 1975.]

*Kenneth M. Waterman,* of Fort Wayne, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert A. Zaban,* Deputy Attorney General, for appellee.

GARRARD, J.—The defendant was convicted of possession of heroin in violation of the Uniform Narcotic Drug Act, Ind. Ann. Stat. § 10-3520, IC 1971, 35-24-1-2 [repealed by Acts 1973, P.L. 335]. The only question presented on appeal is the sufficiency of the evidence to sustain a conviction.

On the day in question, the Fort Wayne Police had under surveillance a motel room registered to one Larry Roller. They observed defendant and his girl friend enter the room. Later these two, together with Roller and another girl, left the room and then returned. The officers procured a search warrant and entered the room while the four were still there. As they entered, they heard a toilet flush. Their search produced the various pieces of paraphernalia commonly used to inject narcotic substances and a green weedy substance believed to be marijuana. In the closet they found a coat belonging to Roller. In the pocket of this coat they discovered two vials of a brown substance which subsequent testing showed to contain heroin. At the scene the defendant, after being given *Miranda* warnings, told the police he had just used and "fired up" heroin. The officer observed "needle tracks" on his arm. In addition, defendant's girl friend testified that when she and the defendant entered the apartment, "we asked him [Roller] if we could do any junk." He replied they could and went over to the bed where there was a plate upon which was a brown substance. He "scraped off a portion for himself and a portion for [the defendant] and I."

She continued that she cooked up some of this and injected herself, and "when I was done, [the defendant] went over and cooked his up and injected it." She saw him cook it, mix it with water and inject it. She did not remember whether she saw him take it off the plate. She also testified to previous experience as a heroin user, that the substance they got from Roller looked like the heroin she had used before, and that after the injection she experienced the same reactions she had felt on the occasions of her prior use.

Needless to say, our review is limited to the evidence and reasonable inferences to be drawn therefrom most favorable to the state. The defendant urges that we may not consider his admission because there was failure to establish the corpus delicti. We disagree. The evidence found in the room and the girl friend's testimony were sufficient to establish that the specific crime charged, possession of heroin, had been committed by someone. This establishes the corpus delicti. *Burton* v. *State* (1973), 260 Ind. 94, 292 N.E.2d 790; *Walker* v. *State* (1968), 249 Ind. 551, 233 N.E.2d 483. For a nearly identical fact situation, see *People* v. *Ruiz* (1956), 146 Cal. App. 2d 630, 304 P. 2d 175.

Defendant further urges that the heroin found in the coat pocket of another man's coat in the closet of a room not registered to defendant is insufficient to support a finding of actual or constructive possession by the defendant. The problem with this contention is that it ignores the other evidence in the case.

In *Thorne* v. *State* (1973), 260 Ind. 70, 292 N.E.2d 607, a lay witness who had taken LSD before testified that the pills given her by the defendant as LSD looked like the pills she had previously taken and evoked in her the same hallucinatory reaction. The court held this was sufficient circumstantial evidence to identify the pills in question as LSD.

Also, although we find no Indiana decisions specifically on point, it has been held that evidence showing a person has a

prohibited drug within his system is circumstantial evidence tending to show he was in possession of the drug prior to taking it. *Broadway* v. *State* (1968), 3 Md. App. 164, 237 A. 2d 820; *Franklin* v. *State* (1969), 8 Md. App. 134, 258 A. 2d 767.

Here the evidence established that defendant was apprehended in close proximity to narcotic drugs and apparatus for their use. He admitted having injected himself with heroin, and there were needle marks on his arm. His girl friend testified that she was an experienced heroin user and that the substance she received looked like heroin and evoked in her the familiar response to a heroin injection. She saw defendant possess, cook and inject himself with the same substance. While circumstantial, such evidence is sufficient to sustain the conviction.

Judgment is therefore affirmed.

Hoffman, C.J. and Lybrook, J., concur.

## ON PETITION FOR REHEARING

GARRARD, J.—In his petition for rehearing, defendant asserts our opinion factually erred in stating that the defendant's girl friend saw the defendant inject himself with the *same* substance she had used. In so stating we were simply reiterating the reasonable inference favorable to the state from the evidence. The witness testified that Roller separated the substance on the plate, creating a share for herself and the defendant. She said she scraped off half the latter portion and used it. When then asked what she saw defendant do, she stated, "When I was done, Jim went over and cooked *his* up and injected it."

Petition for rehearing denied.

Hoffman, C.J. and Lybrook, J., concur.

NOTE.—Reported at 316 N.E.2d 841.