553 P.2d 252

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Willie YANEZ, Defendant-Appellant.**

**No. 2567.**

Court of Appeals of New Mexico.

Aug. 3, 1976.

———◆———

Jan A. Hartke, Acting Chief Public Defender, Bruce L. Herr, Appellate Defender, Reginald J. Storment, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

Toney Anaya, Atty. Gen., Raymond Hamilton, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

WOOD, Chief Judge.

Convicted of possession of morphine contrary to § 54–11–23(A), N.M.S.A.1953 (Repl.Vol. 8, pt. 2, Supp.1975) defendant appeals. The appeal was assigned to the legal calendar on the basis of the facts set forth in the docketing statement. Only two of the issues stated in the docketing statement are argued. See *Novak v. Dow*, 82 N.M. 30, 474 P.2d 712 (Ct.App.1970). The two issues presented for decision involve: (1) judicial notice, and (2) possession versus use.

The following facts are those set forth in the docketing statement. Agent Moore observed what he suspected was a "score" between defendant and another. After "scoring", defendant went to a drug store and purchased two hypodermic needles. Agent Dunlap interviewed the druggist and notified Agent Moore that the defendant purchased the two hypodermic needles. Agent Dunlap followed the defendant to a service station where the defendant and another entered the restroom. Agent Moore joined Agent Dunlap and an on-the-spot inspection of the restroom disclosed one hypodermic needle that may have been used. Furthermore, Agent Moore saw what he suspected to be fresh needle marks on the defendant's arm.

The defendant was arrested on a charge of possession of heroin. He was transported to Memorial General Hospital where catheterization was used to obtain a urine sample. That sample was positive for morphine.

*Judicial Notice*

Section 54–11–23(A), supra, is concerned with the possession of a controlled substance. Controlled substances are set forth in five schedules in the statutes. See §§ 54–11–5 through 54–11–10, N.M.S.A.

1953 (Repl.Vol. 8, pt. 2, Supp.1975). Schedule I lists various opium derivatives including but not limited to desomorphine, morphine-N-oxide, nicomorphine, normorphine. Section 54–11–6(B), supra.

The word "morphine" does not appear in the schedules. There was no proof that "morphine" was included within any of the items listed in the various schedules.

Schedule II includes within the list of controlled substances "opium and opiate, and any salt, compound, derivative or preparation of opium or opiate". Section 54–11–7(A)(1), supra.

The trial court took judicial notice that morphine is an opium derivative. Defendant contends this was error.

Stedman's Medical Dictionary (Second Lawyers' Ed. 1966) page 1015, defines morphine as "the chief narcotic principle (alkaloids) of opium". A similar definition is given in Webster's Third New International Dictionary (1966).

Evidence Rule 201(b)(2) authorizes judicial notice of a fact not subject to reasonable dispute in that it is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. That morphine is an opium derivative is a fact not subject to reasonable dispute. Compare, *Hartford Accident and Indemnity Co. v. Beevers*, 84 N.M. 159, 500 P.2d 444 (Ct.App.1972). The trial court properly took judicial notice of that fact. *State v. Brennan*, 89 Mont. 479, 300 P. 273 (1931); *Jefferson v. State*, 34 Okl.Cr. 56, 244 P. 460 (1926).

*Possession Versus Use*

■ Defendant contends that he was convicted of "use" of morphine rather than its possession and that "use" is not prohibited by § 54–11–23(A), supra. He points out that a statute prohibiting "use" of a narcotic drug, § 54–7–50, N.M.S.A.1953 (Repl.Vol. 8, pt. 2) has been repealed.

This argument overlooks the fact that defendant was convicted of possession. The presence of morphine in defendant's urine was an item of circumstantial evidence tending to show that defendant had possessed morphine. The presence of morphine in the urine, together with the facts stated earlier in the opinion, was substantial evidence that defendant possessed morphine. *Franklin v. State*, 8 Md.App. 134, 258 A.2d 767 (1969); *Peachie v. State*, 203 Md. 239, 100 A.2d 1 (Ct.App.1953).

The judgment and sentence are affirmed.

IT IS SO ORDERED.

HERNANDEZ and LOPEZ, JJ., concur.