603 P.2d 335

**STATE of New Mexico, Plaintiff-Appellant,**

v.

**Reba SANCHEZ, Defendant-Appellee.**

**No. 4263.**

Court of Appeals of New Mexico.

Oct. 23, 1979.

Jeff Bingaman, Atty. Gen., Santa Fe, for plaintiff-appellant.

John B. Bigelow, Chief Public Defender, Michael Dickman, Asst. App. Defender, Santa Fe, for defendant-appellee.

OPINION

HENDLEY, Judge.

The defendant was charged in one count of trafficking in Percodan and Valium. At trial defendant moved to dismiss because Percodan and Valium are not listed in the statutory schedules of controlled substances. Additionally, defendant claimed that prosecution under the indictment would be based on unconstitutional legislative delegation to the Board of Pharmacy and, furthermore, that classification by the Board did not give fair notice.

The State conceded the dismissal as to Valium, but appealed as to Percodan.

We assigned the case to the summary calendar with reversal proposed because at trial the State submitted the definition of Percodan in the Physician's Desk Reference. The principal ingredient of Percodan is oxycodone which is derived from the opium alkaloid, thebaine. That definition brings Percodan within the purview of a controlled substance under § 30–31–7(A)(2), N.M.S.A. 1978. (Compare the definition in 1979 Supplement § 30–31–7(A)(2)(p).) See also *State v. Yanez*, 89 N.M. 397, 553 P.2d 252 (Ct.App.1976).

The defendant filed a memorandum in opposition requesting a different calendar setting as to two other issues in the appeal, but not as § 30–31–7(A)(2), *supra*. However, the two other issues need be discussed only if Percodan were not included in § 30–31–7(A)(2). Percodan is a Schedule II controlled substance as defined by the Legislature. This is dispositive of the appeal.

This case is reversed and remanded with instructions to reinstate the indictment.

IT IS SO ORDERED.

HERNANDEZ and LOPEZ, JJ., concur.