**STATE of Indiana, Appellant (Plaintiff Below),**

**v.**

**Nels Eric VORM, Appellee (Defendant Below).**

**No. 46A04–9009–CR–436.**

Court of Appeals of Indiana, Fourth District.

April 25, 1991.

Linley E. Pearson, Atty. Gen., Geoff Davis, Deputy Atty. Gen., Indianapolis, for appellant.

CONOVER, Judge.

Plaintiff–Appellant the State of Indiana (State) appeals the acquittal of Defendant–Appellant Nels Eric Vorm (Vorm).

We affirm.

The sole issue the State presents for our review is whether the presence of cocaine metabolites in a defendant's urine constitutes sufficient evidence to support a conviction for possession of cocaine.

In April, 1990, Vorm was charged with possession of cocaine after testing positive in a random urine sample taken under the supervision of Daniel Cory, his Work Release Supervisor. The State presented the affirmative test results showing the presence of cocaine metabolites in Vorm's urine. After presentation of the State's case in chief, Vorm made a motion for judgment on the evidence alleging the State failed to prove he knowingly

and intentionally possessed cocaine. The trial court granted Vorm's motion, finding the evidence insufficient to establish a prima facie case for submission to the jury. Vorm was then acquitted. The State now seeks appellate review on a reserved question of law pursuant to IND.CODE 35–38–4–2(4).[1]

The State contends the trial court erred in finding the evidence insufficient. The State maintains the presence of metabolized cocaine yields the reasonable inference Vorm possessed cocaine voluntarily and knowingly. The State further contends possession of a controlled substance may be shown by circumstantial evidence of exclusive control of a premises wherein controlled substances are found, thus Vorm's exclusive control over his body and the items ingested supports the inference he knowingly and intentionally possessed and ingested cocaine. The State further posits "[i]t is even more reasonable for a jury to conclude a defendant is aware of a controlled substance he is carrying within his own body." (Appellant's brief, p. 9). Thus, the State contends the trial court erroneously granted judgment on the evidence. We disagree.

■ A judgment on the evidence is proper in a criminal proceeding only where there is a total absence of some essential element or where the evidence is without conflict and susceptible only to an inference in favor of the defendant. *State v. Goodrich* (1987), Ind., 504 N.E.2d 1023, 1024. In order to avoid a directed verdict during a trial by jury, the State need only present a prima facie case against the defendant. *Pinkston v. State* (1982), Ind., 436 N.E.2d 306, 309. If the evidence is sufficient to support a guilty verdict, it is proper for the trial court to deny a defendant's motion for directed verdict. *Harris v. State* (1981), Ind.App., 416 N.E.2d 902, 905.

IC 35–48–4–6(a), the statute under which Vorm was charged, defines possession of cocaine as follows:

A person who, without a valid prescription or order of a practitioner acting in the course of his professional practice, knowingly or intentionally possesses cocaine (pure or adulterated) or a narcotic drug (pure or adulterated) classified in schedule I or II commits possession of cocaine or a narcotic drug, a class D felony . . .

■ Although we have not previously addressed the precise question at hand, whether the presence of cocaine metabolites in urine is prima facie evidence of possession of cocaine, our Third District, J. Garrard, stated in *Smith v. State* (1974), 161 Ind.App. 636, 316 N.E.2d 841, 842, *reh. denied:*

Also, although we find no Indiana decisions specifically on point, it has been held that evidence showing a person has a prohibited drug within his system is circumstantial evidence tending to show he was in possession of the drug prior to taking it. (Citation omitted).

Thus, the presence of metabolites in urine may be viewed as circumstantial evidence of possession of cocaine. However, our review centers on whether this circumstantial evidence, alone, constitutes prima facie evidence of possession of cocaine. We reject both the State's contention the mere presence is prima facie evidence of prior possession and its contention presence in a person's bodily systems amounts to a knowledgeable possession of the substance.

In reaching this decision, we find case law from other jurisdictions instructive. Other jurisdictions have concluded the mere presence of a controlled substance in a blood or urine specimen is circumstantial evidence of prior possession. However, this evidence is not enough, without additional corroborating evidence, to prove prior possession beyond a reasonable doubt. *See State v. Lewis* (1986), Minn.App., 394

---

1. When a defendant has been acquitted and the State appeals a reserved question of law, only questions of law are considered by this Court. Though these questions are sometimes moot, our courts frequently permit such appeals as a way of furnishing guidance to trial courts in future cases. *State v. Goodrich* (1987), Ind., 504 N.E.2d 1023, 1024.

N.W.2d 212, 217, *rev. denied* (Evidence of controlled substance in urine specimen does not establish possession nor is it sufficient circumstantial evidence to prove prior possession beyond a reasonable doubt absent probative corroborating evidence of actual physical possession.); *State v. Flinchpaugh* (1983), 232 Kan. 831, 659 P.2d 208, 212 (Presence of drug in a person's blood is circumstantial evidence of prior possession of the drug but is insufficient to establish guilt beyond a reasonable doubt. Absence of proof of knowledgeable possession of the drug is the key.); *Franklin v. State* (1969), 8 Md.App. 134, 258 A.2d 767, 769 (Affirmed conviction based on incriminating statements made to a hospital physician as well as medical findings the defendant did have an overdose of heroin. The court found evidence a person has a prohibited narcotic drug in his system, while not *per se* constituting possession or control, is circumstantial evidence he was in possession and/or control of the drug prior to taking it.); *State v. Yanez* (1976), App., 89 N.M. 397, 553 P.2d 252, 253 (Court affirmed conviction of possession of morphine finding presence of morphine in urine, as an item of circumstantial evidence, together with other evidence, was substantial evidence of possession.).

Furthermore, in concluding presence in a person's system does not amount to possession of a controlled substance, the *Lewis* court reasoned:

> ... The usual and ordinary meaning of the term "possession" does not include substances injected into the body and assimilated into the system. After a controlled substance is within a person's system the power to exercise dominion and control necessary to establish possession no longer exists.... (Footnote omitted).

*Lewis, supra,* at 217. We agree with this reasoning.

We find the mere presence of cocaine metabolites in a blood or urine sample, without additional evidence, does not constitute prima facie evidence of knowing and voluntary possession of cocaine. The absence of evidence showing Vorm knowingly or intentionally possessed cocaine mandated Vorm's acquittal.

Affirmed.

CHEZEM, J., concurs in result.

SULLIVAN, J., concurs with separate opinion.

SULLIVAN, Judge, concurring.

The evidence in this case may have permitted an inference that because traces of cocaine were found in Vorm's system, an ingestion of that substance had to have taken place. It might additionally be concluded that to have ingested the cocaine, he had to have possessed it at some prior time. That is not the question before us, however. We should not be solely concerned with whether at some previous time, before ingestion, he was in possession of the substance. That may or may not be so.

The charge before us premises the possession not upon prior ingestion but upon an allegation that "the *same* cocaine" previously possessed and ingested, was "present in the bodily systems of Nels Eric Vorm". Record at 4. (Emphasis supplied). The assertion is therefore that Vorm was in possession of cocaine at the time of the taking of the urine sample. The evidence is otherwise.

The substance found in Vorm's urine was described as "cocaine metabolites". A metabolite is "a product of one metabolic process that is essential to another such process in the same organism." *Webster's Third New International Dictionary* (1976 ed.). In *United States v. Sixty 28–Capsule Bottles* (1962) D.N.J., 211 F.Supp. 207, 209, the court acknowledged that "metabolic" was descriptive of the "alterations in the biological or biochemical activity of various cells under various conditions." Furthermore, the basic term, metabolism is derived from a German word meaning "to turn about, change or alter". *Sloane–Dorland Annotated Medical–Legal Dictionary* (1987) p. 445. It is clear, therefore, that a substance which has undergone the metabolic process does not retain its original chemical nature or form. The substance within Vorm's system was

not, therefore, either pure or adulterated cocaine as required for conviction under I.C. 35–48–4–6(a). The word "adulterated" contemplates the *addition* of some other substance or ingredient not an alteration in chemical makeup of the basic substance itself. *Sloane–Dorland, supra* at p. 13; *see Lawhorn v. State* (1983) Ind., 452 N.E.2d 915.

In the case before us, the substance present in the urine may have been cocaine at one time but its chemical makeup had been altered by the metabolic process. It was no longer cocaine at the crucial time of the alleged possession.

I voice no view with respect to the validity of those cases cited in the majority opinion which hold that although presence of a substance in the system is circumstantial evidence that the substance was previously possessed, such evidence will not suffice for conviction. I understand a degree of reluctance to convict solely upon finding traces of a substance through urinalysis or other chemical testing of bodily fluids. However, I am hesitant to seize upon the tenuous basis of distinction relied upon in *State v. Lewis* (1986) Minn.App., 394 N.W.2d 212, and *State v. Flinchpaugh* (1983) 232 Kan. 831, 659 P.2d 208. Those cases, at least in part, focused upon the knowing or conscious element of a possession charge and speculated that the substance in question might have been introduced into a defendant's system "by trick or guile, or injected involuntarily." *State v. Lewis, supra,* 394 N.W.2d at 215. Unless the facts of a case suggest such a scenario, I find it difficult to use the remote possibility in order to hold that a defendant was not in prior possession.

Suffice it to say that I concur because at the time the urine sample was taken, Vorm was not in possession of cocaine.