9 F.3d 116
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Frank DOMINGUEZ, Petitioner-Appellant,
v.
Robert J. TANSY; Attorney General State of New Mexico,
Respondents-Appellees.
 No. 92-2247.
 United States Court of Appeals, Tenth Circuit.
 Nov. 3, 1993.
 
 Before TACHA, BALDOCK and KELLY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 In this habeas corpus appeal, the pro se petitioner, Frank Dominguez, is seeking a certificate of probable cause. Mr. Dominguez is appealing from the district court's dismissal of his petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. Mr. Dominguez is confined in the penitentiary of New Mexico and challenges his judgment and sentence entered in New Mexico state court in State v. Dominguez, No. CR 84-217-F. Mr. Dominguez appeals on the grounds that the district court erred in dismissing the petition because his guilty plea was not voluntary. He also alleges that he was subjected to an unconstitutional search and seizure of his blood and the unconstitutional use of that evidence, and that prior convictions were used invalidly to enhance his sentence.
 
 
 3
 Title 28 United States Code 2253 requires a petitioner to obtain a certificate of probable cause before appealing a final order in a habeas corpus proceeding under 28 U.S.C. 2254. To receive a certificate of probable cause, a petitioner must "make a 'substantial showing of the denial of [a] federal right.' " Barefoot v. Estelle, 463 U.S. 880, 893 (1983) (quoting Stewart v. Beto, 454 F.2d 268, 270 n.2 (5th Cir.1971), cert. denied, 406 U.S. 925 (1972)). A petitioner can satisfy this standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Id. We deny petitioners request for a certificate of probable cause because he has failed to satisfy this standard.
 
 
 4
 We agree with the magistrate judge that petitioner's allegations related to the alleged unconstitutional search and seizure and unlawful arrest are now foreclosed. These are non-jurisdictional defenses which were waived when petitioner entered his guilty plea. United States v. LaFoon, 978 F.2d 1183, 1184 (10th Cir.1992); United States v. Davis, 900 F.2d 1524, 1525-26 (10th Cir.1990). Likewise, petitioner's Fourth Amendment challenges are barred on collateral review. Stone v. Powell, 428 U.S. 465, 494 (1976).
 
 
 5
 With respect to the sentencing enhancement issue, petitioner claims that his 1984 guilty plea to a charge of possession of a controlled substance was not voluntary and, therefore, that the use of that conviction to enhance the instant conviction was illegal under the New Mexico Habitual Offender Act. The arguments related to the 1984 conviction were not presented to the district court and, therefore, cannot be considered by this court. Farmers Ins. Co. v. Hubbard, 869 F.2d 565, 570 (10th Cir.1989). Further, the New Mexico Court of Appeals determined prior to petitioner's 1984 guilty plea that a positive drug test can constitute evidence of possession of a controlled substance. State v. Yanez, 553 P.2d 252, 253 (N.M. Ct.App.1976). This court found that the New Mexico statute was constitutional in Yanez v. Romero, 619 F.2d 851, 852 (10th Cir.1980).
 
 
 6
 Therefore, petitioner's arguments related to the use of the drug test to support the conviction in 1984 is without merit. We further agree with the magistrate judge that petitioner's conclusory allegations with respect to the involuntariness of his 1984 guilty plea are without merit. Having found the petitioner's claims devoid of any merit, we deny the petitioner's request for a certificate of probable cause. Accordingly, we direct that the petitioner's appeal should be dismissed. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3