[No. 8969-0-III.   Division Three.   March 23, 1989.]

THE STATE OF WASHINGTON, *Respondent,* v. ENOC CORREA HERNANDEZ, *Appellant.*

*Victor Lara* and *Schwab, Kurtz & Hurley,* for appellant (appointed counsel for appeal).

*Jeffrey C. Sullivan, Prosecuting Attorney,* and *Howard Hansen, Deputy,* for respondent.

SHIELDS, J.—Enoc Correa Hernandez, age 21, was charged with and convicted of delivering a controlled substance, cocaine, to a minor in violation of RCW 69.50.406. He assigns error to the court's refusal to instruct the jury concerning his knowledge whether the minor was under the age of 18. In his pro se brief, he also maintains he was not competently represented by counsel. We affirm.

The record shows on September 12, 1987, at about 7 p.m., Yakima Police Officers Finch and Davis, assigned to undercover narcotics, entered Stockman's Cafe and Lounge through an alley door to view possible narcotics transactions. In a section of the cafe in which their experience dictated those transactions often take place, they observed Mr. Hernandez and a female nervously standing close together as though they were attempting to hide something. They then saw Mr. Hernandez hand the female a small blue paper folded like an envelope which they identified as a "bindle" frequently used to package cocaine. She in turn handed Mr. Hernandez something that looked like paper. When she saw the officers approaching she pushed the envelope under her armpit and nudged Mr. Hernandez, who quickly walked away. The officers insisted she lift her arm. The envelope dropped to the ground. After a struggle with her, it was retrieved.

The officers arrested the female, age 16, and Mr. Hernandez. A search of Mr. Hernandez at the police station revealed $205 and four $1 bills crumpled into small balls. The material contained in the bindle was tested and found to be cocaine. The female minor admitted she intended to purchase drugs from Mr. Hernandez, whom she knew as "Ricco", and handed him the crumpled bills in exchange for the bindle.

During trial, as an offer of proof, defense counsel sought to examine the female minor concerning her background as a "street child and drug addict" as a basis for arguing to the jury that she was emancipated and Mr. Hernandez did not know she was under the age of 18. The court refused to allow the testimony and also refused to instruct the jury concerning either her emancipation or Mr. Hernandez' knowledge concerning her age. The jury returned a verdict of guilty of delivery of a controlled substance and, in a special verdict, found Mr. Hernandez was over the age of 18 and the person to whom he delivered cocaine was under that age. Mr. Hernandez appeals.

Mr. Hernandez contends the court erred in refusing to instruct the jury concerning his knowledge whether the female minor was under the age of 18. He argues alternatively, knowledge of the recipient's age should be implied as an element of proof of the penalty enhancement statute, RCW 69.50.406, or lack of such knowledge, based on a reasonable mistake of fact, should be allowed as an affirmative defense. We disagree.

The offense statute, RCW 69.50.401(a), makes it "unlawful for any person to manufacture, deliver, or possess with intent to manufacture or deliver, a controlled substance." The penalty enhancement statute, RCW 69.50.406, doubles the possible imprisonment for "[a]ny person eighteen years of age or over who violates RCW 69.50.401(a) by distributing a controlled substance listed in Schedules I or II which is a narcotic drug to a person under eighteen years of age . . ."

The legislative history of RCW 69.50.406 demonstrates that the Legislature deliberately chose to omit knowledge as an element of proof for penalty enhancement. The enhancement provision, originally part of the Uniform Narcotic Drug Act, was similar to the present statute providing for a fine and imprisonment for "sale to or other transaction with a minor". Laws of 1959, ch. 27, § 69.33.410, p. 219. In 1963 that provision was amended, applying the enhanced penalty "[f]or any offense under the provisions of this chapter *knowingly* involving a sale to or other transaction with a minor . . ." (Italics ours.) Laws of 1963, ch. 38, § 20, p. 374. *State v. Nass,* 76 Wn.2d 368, 456 P.2d 347 (1969), decided after that amendment, held when a narcotics violation involved a transaction with a minor, the State was required to prove knowledge that the recipient was a minor.

That provision, however, was repealed in 1971 by the Uniform Controlled Substances Act which dropped the knowledge requirement and added a definition to the term "minor" as one "under eighteen years of age who is at least three years [the offender's] junior . . ." Laws of 1971, 1st Ex. Sess., ch. 308, § 69.50.406, p. 1813. The present statute was the result of another amendment which further liberalized the provision, deleting the 3–year requirement. The knowledge element was not reinserted.

A similar legislative history of inserting and omitting knowledge as an element to possession of a controlled substance was before the court in *State v. Cleppe,* 96 Wn.2d 373, 635 P.2d 435 (1981), *cert. denied,* 456 U.S. 1006, 73 L. Ed. 2d 1300, 102 S. Ct. 2296 (1982). We believe this case to be controlled by the court's holding:

> "[w]hether intent or guilty knowledge is to be made an essential element of this crime is basically a matter to be determined by the legislature." . . . "[h]ad the legislature intended to retain guilty knowledge or intent as an element of the crime of possession, it would have spelled it out as it did in the previous statute."

*Cleppe,* at 378 (quoting *State v. Henker,* 50 Wn.2d 809, 812, 314 P.2d 645 (1957)). The definition of the elements of proof of an offense, and for the penalty enhancement of an offense, are within the Legislature's prerogative. It is not appropriate to resupply judicially an element which the Legislature has chosen to omit. *See also State v. Bailey,* 41 Wn. App. 724, 706 P.2d 229 (1985); *State v. Sainz,* 23 Wn. App. 532, 540, 596 P.2d 1090 (1979).

*State v. McKim,* 98 Wn.2d 111, 653 P.2d 1040 (1982) and *State v. Boyer,* 91 Wn.2d 342, 588 P.2d 1151 (1979), relied upon by Mr. Hernandez, are inapposite. In *State v. McKim, supra,* the court held the deadly weapon penalty enhancement statute, RCW 9.95.040, was applicable to an unarmed accomplice only if the State proves the accomplice had knowledge that the principal offender possessed the weapon. In *State v. Boyer, supra,* the court held the State must prove knowledge of the nature of the product being delivered to convict for delivery of a controlled substance. In those cases the absence of a mental element created a potential for punishing innocent conduct. *Boyer,* at 344, stated: "even a postal carrier would be guilty of the crime were he innocently to deliver a package which in fact contained a forbidden narcotic." Here, there is no potential for punishing innocent conduct—the statute punishes the act of selling a controlled substance which requires a showing of both intent and, under *Boyer,* guilty knowledge.

Rather, this case is analogous to *State v. Wilson,* 95 Wn.2d 828, 631 P.2d 362 (1981), wherein the court refused to extend the *Boyer* rationale to the so–called "burn" statute, RCW 69.50.401(c), because the evil the Legislature intended to punish was the act of *contracting to sell* a controlled substance whether or not the accused had knowledge concerning the actual substance sold. Here, the Legislature has made it clear that the penalty enhancement provision in RCW 69.50.406 is intended to punish the act of *selling* a controlled substance to a person who is in fact a minor regardless of whether the seller knows the purchaser's age.

Nor do we believe the Legislature intended that lack of knowledge be an affirmative defense as urged by Mr. Hernandez. In *State v. Cleppe, supra,* the long established defense of unwitting possession to the crime of possession of a controlled substance was retained. The basis for that decision, however, was to ameliorate the severity of the strict liability nature of the crime. As stated, RCW 69.50-.406 enhances the penalty for a crime (RCW 69.50.401(a)) which itself requires both intent and guilty knowledge. The analysis in *State v. Randolph,* 12 Wn. App. 138, 528 P.2d 1008 (1974), *review denied,* 85 Wn.2d 1003 (1975), applies here. In that case, the court rejected a similar age defense to a charge of statutory rape, stating:

> Significantly, although the legislature has amended RCW 9.79.020 on several occasions, it has not seen fit to require that an element of criminal intent be proven by the State in the prosecution of one accused of violating the statute. We must presume that the legislature is aware of the general view discussed herein that legislation such as RCW 9.79.020 does not leave room for the possible defense of reasonable mistake of fact by the accused as to the victim's age, and therefore the failure of the legislature specifically to depart from the view makes it inappropriate for us to do so. The state of the law in Washington on this subject is quite literally the same as it was when our state Supreme Court observed in *State v. Melvin,* 144 Wash. 687, 258 P. 859 (1927) at page 690, "What the legislature has virtually said by this statute . . . is, that the male or female, as the case may be, who is prosecuted, is guilty, where the other one involved in the transaction is under the age of eighteen years . . ."

*Randolph,* at 141.

Mr. Hernandez points out that a limited age defense is now available when statutory rape has been charged. Former RCW 9A.44.030(2).[1] The Legislature has made no

---

[1] Under closely defined and limited circumstances, that section allows the defendant to prove by a preponderance of the evidence "that at the time of the offense the defendant reasonably believed the alleged victim to be [a certain age, defined in RCW 9A.44.030(3)] based upon declarations as to age by the alleged victim." The section was enacted in 1975.

such defense available here and in light of the legislative history of RCW 69.50.406 we decline to do so. Further, as the prosecutor points out, statutory rape presents another circumstance in which, without requiring guilty knowledge, a potential exists of punishing innocent conduct. The statute here involving the intentional and knowing sale of a controlled substance does not contain that potential.

■ Mr. Hernandez, in his pro se brief, contends he was not competently represented by counsel.

The test for counsel incompetence is whether, after an examination of the whole record, the defendant has received effective representation and a fair and impartial trial. . . . A showing of prejudice must be made also.

*State v. Smith*, 104 Wn.2d 497, 511, 707 P.2d 1306 (1985).

Court–appointed counsel, representing an indigent defendant, is strongly presumed to be competent; this presumption will be overcome only by a clear showing of incompetence derived from the record as a whole.

*State v. McGinley*, 18 Wn. App. 862, 865, 573 P.2d 30 (1977). Applying the foregoing test, we have reviewed the entire record and find as a whole it supports rather than overcomes the presumption.

The record reflects counsel cross–examined most of the witnesses—failure to do so in some instances was a legitimate trial tactic.[2] Counsel preserved Mr. Hernandez' right to appeal concerning his knowledge of the female minor's age. He also discussed with Mr. Hernandez the jury selection process and whether he should not take the stand, to which Mr. Hernandez agreed. The record here does not demonstrate that counsel was either remiss in giving the latter advice or in not calling some persons as witnesses; we must therefore presume such acts were also based upon legitimate trial tactics. *See State v. McGinley, supra.* Finally, our thorough review of the record reveals no merit

---

[2] For example, the female minor was not cross–examined concerning the amount of money she paid for the cocaine because the State indicated she would testify she received a bargain for being a frequent buyer from Mr. Hernandez.

to Mr. Hernandez' claim that the prosecutor coerced the female minor into testifying.

The judgment is affirmed.

THOMPSON, C.J., and MUNSON, J., concur.

Review denied at 112 Wn.2d 1028 (1989).