[No. 28972-1-I.     Division One.     April 11, 1994.]

THE STATE OF WASHINGTON, *Respondent*, v. JAMES G.
SOLOMON, *Appellant*.

*Catherine Floit* of *Washington Appellate Defender Association*, for appellant.

*Norm Maleng, Prosecuting Attorney*, and *Gregory Jackson, Deputy*, for respondent.

COLEMAN, J. — James Solomon appeals his judgment and sentence for possession of a controlled substance. He contends that the trial court erred in admitting his extrajudicial statements given the absence of independent proof of the corpus delicti of possession of a controlled substance. We affirm.

On October 29, 1991, Seattle Police Officers Robert Christopherson, Rudy Gonzales, and Greg Alm obtained a search warrant for narcotics at 3916 South Pearl, apartment 22, a unit registered to Yolanda Phillips.[1] As the officers approached apartment 22, they stopped a woman exiting through the front door. The woman identified herself as Yolanda Phillips and told the officers that she lived in apartment 22. The officers indicated that they were serving a search warrant and directed Phillips to let them inside. The only persons present upon entry were two small children asleep in the bedroom.

Approximately 1 minute after the police entered the apartment, the Defendant, James Solomon, walked through the front door. Conflicting testimony was offered as to whether the front door was open or not. Officer Christopherson indicated that the door was closed. Officers Alm and Gonzales, however, initially testified that the door was open. But later, Officer Alm stated that he saw the open door after Solomon had already come in. The officers indicated that it is standard police practice to close the door during a search.

---

[1] Probable cause to support the warrant was based in part on an informant's statement that he had purchased drugs at apartment 22 from a woman.

After Solomon was observed, Officer Christopherson asked him to identify himself. Solomon replied, "I am [Ms. Phillips'] boyfriend. I live here." Officer Christopherson proceeded to advise Solomon of his rights and indicated that the officers were serving a narcotics search warrant. Solomon then stated, at least three different times, that any cocaine found in the apartment was his, not Phillips'. Solomon also explained that he was a user and that Phillips probably found the cocaine in his pants and had taken it out in order to confront him with it.

During the search, the officers found cocaine on the bedroom nightstand, a letter from the General Housing Authority and a light bill, both addressed to Phillips, a box of ammunition, and a small-caliber holster. The officers did not find any men's clothing or other items indicating that Solomon lived in apartment 22.

On December 21, 1990, Solomon was charged by information under the Uniform Controlled Substances Act, RCW 69.50.401(d), with the crime of possession of a controlled substance. On the first day of trial, Solomon made a motion to suppress his extrajudicial admissions that he lived in apartment 22 and that the cocaine belonged to him. Solomon argued that because there was no independent evidence connecting him to the apartment or to the drugs, there was insufficient independent proof of the corpus delicti of possession of a controlled substance.[2] The trial court denied the motion, ruling that the presence of cocaine in the apartment was sufficient to establish the corpus delicti.

On May 31, 1991, the jury found Solomon guilty as charged. The trial court entered a sentence of 90 days in jail, court costs, and 12 months' community supervision. Solomon appeals.

---

[2] At the suppression hearing, Solomon admitted to making the alleged admissions to the police but testified that he was lying at the time. When asked for an explanation, Solomon stated: "Because she was sitting up there, bawling her head off, the police were yelling at her. It was all confusion. She is screaming. I felt I would be less of a man if I left out of that house, leaving my girl sitting there in that state."

The sole issue on appeal is whether the trial court erred in finding that the State presented prima facie proof, independent of Solomon's extrajudicial admissions, which established the corpus delicti of the crime of possession of a controlled substance.

The "corpus delicti" of the crime charged refers to "the objective proof or substantial fact that a crime has been committed." Black's Law Dictionary 344 (6th ed. 1990). In general, proof of the corpus delicti is established by two elements: "(1) an injury or loss (*e.g.*, death or missing property) and (2) someone's criminal act as the cause thereof." *Bremerton v. Corbett*, 106 Wn.2d 569, 573-74, 723 P.2d 1135 (1986). Washington law provides that a confession or admission may support a conviction only when the State produces independent evidence sufficient to establish the corpus delicti of the crime charged. *State v. Smith*, 115 Wn.2d 775, 780-81, 801 P.2d 975 (1990). Independent evidence is sufficient if it prima facie establishes the corpus delicti. *State v. Meyer*, 37 Wn.2d 759, 763-64, 226 P.2d 204 (1951). That is to say, the evidence need not establish the corpus delicti beyond a reasonable doubt or even by a preponderance of the evidence. *Meyer*, at 763. Rather, a prima facie showing simply requires evidence which supports a "logical and reasonable deduction" that the crime occurred. *State v. Riley*, 121 Wn.2d 22, 32, 846 P.2d 1365 (1993) (quoting *State v. Hamrick*, 19 Wn. App. 417, 419, 576 P.2d 912 (1978)). The reviewing court must assume the truth of the State's evidence and must draw all reasonable inferences in favor of the State. *State v. Neslund*, 50 Wn. App. 531, 544, 749 P.2d 725 (citing *Corbett*, at 571), *review denied*, 110 Wn.2d 1025 (1988).

Solomon contends that the State failed to present prima facie proof that he, in particular, possessed the cocaine found in the apartment. Specifically, Solomon argues that the crime of possession of cocaine is analogous to those crimes where the identity of the accused is included as an element of the corpus delicti. *See Bremerton v. Corbett, supra; State v. Hamrick, supra*. Thus, in this case, because there was no independent evidence showing that he, in particular, possessed the cocaine,

Solomon contends that the elements of the corpus delicti were not established. We disagree.

■■ While the State must always prove the identity of the accused, proof of the identity of the person who committed the crime is not an element of the corpus delicti. Rather, to establish the corpus delicti, the State need only offer proof that *someone* committed the crime.[3] *Meyer*, at 763 ("The identity of the person who has committed the crime is not material when the *corpus delicti* is being proven.") (citing 23 C.J.S. *Criminal Law* § 916, at 181); *Corbett*, at 574 ("Proof of the identity of the person who committed the crime is not part of the corpus delicti, which only requires proof that a crime was committed by someone.").

As an exception to this rule, Washington courts have recognized that there are certain crimes where the identity of a particular person must be established as part of the corpus delicti (*e.g.*, reckless or drunken driving, attempt, conspiracy, perjury). *Smith*, at 781; *Corbett*, at 574. Those crimes, however, inherently require proof of identity; the fact that a crime occurred cannot be established without the identification of a particular person.[4] Possession of a controlled substance is not a crime of that nature. Rather, in a possession case, it is clear that a crime occurred if drugs are in the possession of someone; identity is not essential to establish the fact that a crime occurred.[5] A defendant may

---

[3]In response to the difficulty of applying the corpus delicti rule, federal courts and a minority of state courts have adopted the "corroboration rule". Under this rule, the State must simply offer corroborative evidence that establishes the trustworthiness of the confession. While our Supreme Court has indicated a willingness to consider this rule, it has not yet formally abandoned the traditional corpus delicti rule. *See Smith*, 115 Wn.2d at 784; *Corbett*, at 577-78.

[4]For example, the crime of driving while intoxicated necessarily requires the added element of identity in order to connect the operation of the car to the evidence of intoxication; the crime itself cannot be established in the absence of this connection. *See Corbett*, at 574; *Hamrick*, at 418-19.

[5]Solomon cites *State v. Scriver*, 20 Wn. App. 388, 394, 580 P.2d 265 (1978), *review denied*, 91 Wn.2d 1011 (1979), as holding otherwise. We find, however, that *Scriver* is not dispositive. Specifically, in *Scriver*, the court correctly states the law as to proving the corpus delicti: "There must be independent evidence of

satisfy a jury at trial that the drugs did not belong to him, but that issue is separate from the initial question of whether the body of the crime has been established.[6] Thus, contrary to Solomon's contention, the State did not need to present independent proof that Solomon, in particular, possessed the cocaine.[7]

Applying this analysis to the facts of the case, the evidence showed that a quantity of cocaine was discovered in the bedroom of an inhabited apartment. The evidence therefore supports a logical and reasonable deduction that someone possessed a controlled substance. We therefore hold that the trial court did not err in finding that the State presented prima facie proof, independent of Solomon's extrajudicial admissions, which established the corpus delicti of the crime of possession of a controlled substance.

---

the corpus delicti of the crime of possession of a controlled substance by *someone* before a confession may be introduced." (Italics ours.) *Scriver*, at 394. The court then goes on to state that, under the facts presented, a report established that certain capsules contained drugs and that the drugs were found in the defendant's possession. *Scriver*, at 395. The corpus delicti was therefore established. The court does not tell us, however, what would happen if there were no evidence connecting the drugs to the defendant. It simply states that, there, the drugs were found in the defendant's possession. Thus, because the *Scriver* court did not address the issue that we must decide, we decline to read *Scriver* to stand for the proposition that in all possession cases, the corpus delicti requires proof of the defendant's connection to the drugs.

[6]Compare *State v. Fellers*, 37 Wn. App. 613, 615, 683 P.2d 209 (1984) ("In order to establish the corpus delicti of possession of stolen property, the State had only to present evidence that the bicycle had been stolen by someone.") (citing *State v. DePriest*, 16 Wn. App. 824, 825-26, 560 P.2d 1152 (1977)).

[7]Other jurisdictions have similarly held that the corpus delicti of the crime of possession of a controlled substance does not require proof of the accused's connection with the drugs. *See Laffitte v. State*, 370 So. 2d 1108 (Ala. Crim. App.), *writ denied*, 370 So. 2d 1111 (Ala. 1979); *Moore v. State*, 457 So. 2d 981 (Ala. Crim. App.), *cert. denied* (Ala. Oct. 19, 1984), *cert. denied*, 470 U.S. 1053 (1985); *People v. Ruiz*, 146 Cal. App. 2d 630, 304 P.2d 175 (1956); *People v. Birch*, 190 Cal. App. 2d 647, 12 Cal. Rptr. 122 (1961); *People v. Cunningham*, 188 Cal. App. 2d 606, 10 Cal. Rptr. 604, *cert. denied*, 368 U.S. 933 (1961); *Smith v. State*, 161 Ind. App. 636, 316 N.E.2d 841 (1974). *See also Commonwealth v. Daniels*, 281 Pa. Super. 334, 422 A.2d 196 (Pa. Super. 1980) (possession of heroin with intent to deliver).

The judgment and sentence of the trial court are affirmed.

GROSSE and BECKER, JJ., concur.

Review denied at 124 Wn.2d 1028 (1994).