[No. 22613-8-II.   Division Two.   January 28, 2000.]

THE STATE OF WASHINGTON, *Respondent*, v. JEFFREY LLOYD FLOWERS, *Appellant*.

*Pattie Mhoon*, for appellant (appointed counsel for appeal).

*John W. Ladenburg, Prosecuting Attorney, Kathleen Proctor, Deputy*, and *Sharon Cates, Legal Intern*, for respondent.

MORGAN, J. — Jeffrey Lloyd Flowers appeals convictions for attempt to elude and possession of stolen property. The primary question is whether the State can establish corpus delicti for attempt to elude without proving the identity of the perpetrator. Holding that the answer turns on the facts of each case, and that the facts here support the necessary inference that someone committed the crime of attempt to elude, we affirm.

On August 9, 1997, Chad Garrettson's red Ducati 750 motorcycle was stolen. On the night of August 13, 1997, Deputy Sheriff Olesen was patrolling in uniform and in a marked police vehicle. He observed the rider of a red motorcycle "doing donuts"[1] in the middle of a public road. He activated his overhead lights and siren, but the rider merely looked at him and sped away. While Olesen pursued, the rider reached speeds "in excess of 80 miles an hour" through a residential area in which the speed limit was 25 miles per hour. Olesen could not keep up, and the motorcycle disappeared from view.

Continuing in the same direction, Olesen soon found the motorcycle, which had crashed in a residential cul-de-sac. The rider had fled. The motorcycle's ignition was "punched," so Olesen suspected it was stolen.

[1] Report of Proceedings at 38.

By the next day, deputies had learned that Garrettson was the owner of the stolen motorcycle and that Flowers was likely the rider who had fled. They arrested Flowers and gave him his *Miranda* rights,[2] which he waived. He stated orally that he had bought the motorcycle for $2,200; that he would not name the person from whom he had bought it; and that he had received the registration but not the title. He stated in writing:

> I bought a red 750 motorcycle about a day ago. I didn't know it was stolen until now. I took off because I don't have a license. And the marks on me are from three days ago.[3]

Flowers had abrasions on his ankle, both knees and left shoulder.

On August 15, 1997, the State charged Flowers with first degree possession of stolen property (Count I) and attempt to elude (Count II). Before trial, Flowers moved to suppress his statements to the police on the ground that he had not validly waived his *Miranda* warnings. The trial court denied his motion.

Trial commenced on October 15, 1997. During the State's case in chief, Flowers objected to his statements to the police, contending that the State had failed to establish corpus delicti for attempt to elude. The trial court overruled.

At the end of the State's case, Flowers moved to dismiss for lack of sufficient evidence. The trial court denied the motion. The defense did not present evidence, and the jury convicted on both counts.

The main issue on appeal is whether the State proved corpus delicti on the count charging attempt to elude. If not, Flowers' statements to the police were erroneously admitted on that count.

■ In general, the corpus delicti rule requires proof, independent of the accused's statements, "that a crime was

---

[2]*Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694, 10 A.L.R.3D 974 (1966).

[3]Report of Proceedings at 76.

committed by someone.''[4] It does not require ''[p]roof of the identity of the person who committed the crime.''[5] The State has the burden of supplying such proof, but its burden is one of production rather than one of persuasion.[6] The premise is that an accused's statements, standing alone, are insufficient to support an inference that the crime was committed.[7]

Occasionally, due to the facts of the particular case, the State will be unable to produce evidence showing that the charged crime was committed *by someone* unless it also produces evidence showing that the charged crime was committed *by the defendant*. In *State v. Hamrick*,[8] for example, a car occupied by two people, one of whom was the defendant, was involved in an accident. The investigating officer spoke with the defendant ''in the center of the roadway,'' and the defendant said he had been driving.[9] The other person remained in the car, and the officer ap-

---

[4]*City of Bremerton v. Corbett*, 106 Wn.2d 569, 574, 723 P.2d 1135 (1986); *see also State v. Ray*, 130 Wn.2d 673, 679, 926 P.2d 904 (1996); *State v. Lung*, 70 Wn.2d 365, 371, 423 P.2d 72 (1967); *State v. Meyer*, 37 Wn.2d 759, 763, 226 P.2d 204 (1951); *State v. Solomon*, 73 Wn. App. 724, 728, 870 P.2d 1019, *review denied*, 124 Wn.2d 1028 (1994); 1 WAYNE R. LaFAVE & AUSTIN W. SCOTT, JR., SUBSTANTIVE CRIMINAL LAW § 1.4(b) at 24 (1986) (rule ''embraces the fact that a crime has been committed by someone'').

[5]*Corbett*, 106 Wn.2d at 574; *Meyer*, 37 Wn.2d at 763; *Solomon*, 73 Wn. App. at 728; *State v. Neslund*, 50 Wn. App. 531, 542, 749 P.2d 725, *review denied*, 110 Wn.2d 1025 (1988); 1 LaFAVE & SCOTT, *supra*, § 1.4(b) at 24.

[6]*Ray*, 130 Wn.2d at 679; *State v. Vangerpen*, 125 Wn.2d 782, 796, 888 P.2d 1177 (1995) (quoting *State v. Smith*, 115 Wn.2d 775, 781, 801 P.2d 975 (1990)); *State v. Riley*, 121 Wn.2d 22, 32, 846 P.2d 1365 (1993); *Smith*, 115 Wn.2d at 781, 782 n.1; *Corbett*, 106 Wn.2d at 574-75 (quoting *Meyer*, 37 Wn.2d at 763-64), 578-79; *Meyer*, 37 Wn.2d at 763-64; *Solomon*, 73 Wn. App. at 727; *Neslund*, 50 Wn. App. at 542, 543-44; *see also State v. Aten*, 130 Wn.2d 640, 656, (rule requires evidence that ''would support a logical and reasonable inference''), 658 (''In assessing whether there is sufficient evidence of the corpus delicti, independent of a defendant's statements, this Court assumes the truth of the State's evidence and all reasonable inferences from it in a light most favorable to the State.''), 927 P.2d 210 (1996).

[7]*Aten*, 130 Wn.2d at 655-56; *Vangerpen*, 125 Wn.2d at 796; *Smith*, 115 Wn.2d at 780-81; *Corbett*, 106 Wn.2d at 574-75; *Lung*, 70 Wn.2d at 371-72; *Meyer*, 37 Wn.2d at 763-64.

[8]*State v. Hamrick*, 19 Wn. App. 417, 576 P.2d 912 (1978).

[9]*Hamrick*, 19 Wn. App. at 418.

parently did not observe his "age, condition, or location in the car."[10] At the defendant's later trial for driving while under the influence of intoxicating liquor (DUI), the State's ability to prove corpus delicti—i.e., that *someone* had driven while intoxicated—turned on its ability to prove, by evidence independent from the defendant's statement, that *he* had been driving the car; if the other person had been driving, of course, *no one* had driven while intoxicated and there could be no corpus delicti. Because the State had no evidence (other than the defendant's statement) that he had been driving, it could not prove corpus delicti, and the court dismissed the case.[11] The court would have reached the opposite result if *both* occupants of the car been intoxicated, for then evidence independent of the defendant's statement would have shown that *someone* had committed DUI.

Citing *Hamrick*, *City of Bremerton v. Corbett*, *State v. Smith* and *State v. Solomon*, Flowers argues that "there are *certain crimes* where the identity of a particular person must be established as part of the corpus delicti (e.g., reckless or drunken driving, attempt, conspiracy, perjury)."[12] In our view, however, there are *certain sets of facts* where the identity of a particular person must be established as part of corpus delicti—e.g., the facts in *Hamrick* and the facts in the four consolidated cases in *Corbett*. There are no "certain crimes" for which identity is always a part of corpus delicti. In other words, the showing required for corpus delicti—that *someone* committed the charged crime—depends on the *evidence*, and not on the statutory

---

[10]At the later trial, "no mention was made of details such as the [other] occupant's age, condition, or location in the car." *Hamrick*, 19 Wn. App. at 418.

[11]Other situations of the same type include *Kyle v. State*, 208 Tenn. 170, 344 S.W.2d 537 (1961), and the four consolidated cases in *Corbett*, 106 Wn.2d 569. In each of those situations, however, the evidence independent of the defendant's statements was sufficient to support an inference that the defendant had been driving.

[12]*City of Bremerton v. Corbett*, 106 Wn.2d 569, 723 P.2d 1135 (1986); *State v. Smith*, 115 Wn.2d 775, 801 P.2d 975 (1990); *State v. Solomon*, 73 Wn. App. 724, 870 P.2d 1019, *review denied*, 124 Wn.2d 1028 (1994). Br. of Appellant at 8 (emphasis added).

elements of the crime charged.

This case-by-case view is consistent with *Hamrick*, wherein we held no more than the following: "While the corpus delicti of most crimes does not involve the issue of identity, the corpus delicti for the offense of driving while under the influence of intoxicating liquor *in this case* requires evidence that defendant operated or was in actual physical control of a vehicle while he was under the influence of intoxicating liquor."[13]

This case-by-case view is consistent with *Corbett*. In that case, the Supreme Court held, as we did in *Hamrick*, that "the corpus delicti of the offenses *charged here* cannot be established absent proof connecting the petitioners with operation or control of a vehicle while intoxicated."[14]

This case-by-case view is consistent with the holding in, if not all the language of, *Smith*. In that case, the police found Smith, Brown and Daniels in a closed public park at 1 A.M. The three were in possession of an "arsenal" of guns, ammunition and knives; a pick and shovel; and a 100-pound bag of lime. Smith also had 15 $100 bills in his pocket. Smith told the police that Brown had hired him to murder Daniels, and that he had been about to do that when the police approached. Smith was tried for attempt to commit first degree murder, and the case went to the Supreme Court on the issue of corpus delicti. Apparently relying on the evidence in the particular case, and apparently holding that the evidence independent of Smith's statements was sufficient to establish that *someone* had taken a substantial step toward attempting murder, the Supreme Court ruled:

> Even without Smith's confession, the State's evidence—Smith's 15 $100 bills, the arsenal of weapons, the ammunition, a digging implement, as well as the police observations—supports a logical and reasonable deduction that a substantial step had been taken to kill someone. *This logical and reason-*

[13]*Hamrick*, 19 Wn. App. at 419 (emphasis added).

[14]*Corbett*, 106 Wn.2d at 574 (emphasis added).

*able deduction was all that the State was required to prove in order to allow Smith's confession to be considered.*[15]

Flowers relies heavily on certain language from *Smith*, which states as follows:

> Corpus delicti is usually proved by the following two elements: "(1) an injury or loss (*e.g.*, death or missing property) and (2) someone's criminal act as the cause thereof." *Corbett*, at 573-74. However, crimes such as attempt, conspiracy, perjury, and reckless or drunken driving do not require the first corpus delicti element, injury or loss. *See* 2 W. LaFave & A. Scott, *Criminal Law* 18 (2d ed. 1986). In these cases, many courts and commentators have found that the more appropriate application of corpus delicti is to prove that the crime charged has been committed by a particular person. *See Corbett*, at 578 (the corpus delicti of driving or being in control of an automobile while intoxicated was "met by proof that [a person was] driving or in actual physical control of a vehicle while intoxicated"); LaFave, at 18 (noting that "[p]erhaps . . . it is more accurate to say that the *corpus delicti* embraces the fact that a crime has been committed by someone").[16]

*Smith*'s language is not supported by the authorities it cites. As already seen, *Corbett* stands for no more than that the State may, *in light of the facts of the particular case*, have to prove identity in order to prove corpus delicti. LaFave states only that corpus delicti may *not* require a showing of "injury or loss" if the elements of the crime charged do not require injury or loss. Far from suggesting that the corpus delicti for certain defined crimes may require a showing of identity, he states that "*corpus delicti* embraces the fact that a crime has been committed by someone . . . *without embracing the further fact . . . that the defendant was the one who did . . . that act.*"[17]

*Smith*'s language is not binding. As just seen, the *Smith* court based its corpus delicti decision *on the facts of the*

---

[15]*Smith*, 115 Wn.2d at 783-84 (emphasis added).

[16]*Smith*, 115 Wn.2d at 781.

[17]1 LaFave & Scott, *supra*, § 1.4(b) at 18 (emphasis added).

*particular case.* The *Smith* court did not base its decision on a legal rule that *every* attempt requires evidence of identity independent of the defendant's statements. Accordingly, its pronouncement of such a rule was dictum.[18]

In addition to relying on language from *Smith*, Flowers relies heavily on similar language from *Solomon*.[19] The language in *Solomon* is based on the language in *Smith*, so it suffers from the same flaws: It relies on faulty authority, and it was unnecessary to the decision before the court.

The evidence in this case, exclusive of Flowers' statements, shows that Olesen, while in uniform and driving a marked police vehicle, observed a motorcycle rider "doing donuts." He signaled the rider to stop by turning on his overhead lights and siren. The rider looked at him and sped away, at speeds in excess of 80 miles per hour, through a residential area in which the speed limit was 25 miles per hour. This evidence supports an inference that someone committed the crime of attempt to elude, and no more than that was required for corpus delicti. We conclude that the trial court properly overruled Flowers' objection based on corpus delicti.

A second issue on appeal is whether the evidence was sufficient to support a verdict of possession of stolen property. As discussed at oral argument, it clearly was.

An additional issue on appeal, argued in the pro se brief, is whether Flowers was unconstitutionally arrested.

---

[18]*State ex rel. Hoppe v. Meyers*, 58 Wn.2d 320, 329, 363 P.2d 121, 100 A.L.R.2D 304 (1961) ("dictum in that case . . . should not be transformed into a rule of law"); *DCR, Inc. v. Pierce County*, 92 Wn. App. 660, 683 n.16, 964 P.2d 380 (1998) ("Statements in a case that do not relate to an issue before the court and are unnecessary to decide the case constitute obiter dictum, and need not be followed;" "Dicta is not controlling precedent." (Citations omitted.)), *review denied*, 137 Wn.2d 1030 (1999); *In re Marriage of Roth*, 72 Wn. App. 566, 570, 865 P.2d 43 (1994) ("Dicta is language not necessary to the decision in a particular case."); *State v. Potter*, 68 Wn. App. 134, 150, 842 P.2d 481 (1992) (same).

[19]*Solomon*, 73 Wn. App. at 728.

Because he did not raise this issue below, we lack the necessary facts to decide it on direct appeal.[20]

A last issue, also argued in the pro se brief, is whether Flowers' trial counsel rendered ineffective assistance by not bringing a suppression motion, by failing to object to the admission of photos showing his injuries, and by failing to call a doctor to date his injuries. The present record, however, shows nothing that would meet the elements of ineffective assistance.

Affirmed.

BRIDGEWATER, C.J., and ARMSTRONG, J., concur.

[20]*State v. McFarland*, 127 Wn.2d 322, 334, 899 P.2d 1251 (1995).