33 P.3d 1106 (2001)
STATE of Washington, Appellant,
v.
Marlena Denece BERNAL, Respondent.
No. 25652-5-II.
Court of Appeals of Washington, Division 2.
November 9, 2001.
As Amended December 7, 2001.
*1107 Susan Irene Baur, Cowlitz County Prosecuting Attorney, Kelso, A.O. Denny, Cowlitz County Deputy Prosecuting Attorney, Coupeville, for Appellant.
John A. Hays, Court Appointed, Longview, for Respondent.
MORGAN, P.J.
The State appeals the trial court's dismissal of charges filed against Marlena Denece Bernal. The basis of the trial court's ruling was the State could not prove the necessary corpus delicti. We affirm.
In early December 1999, Zachariah Reid, age 14, was living in a trailer rented by his father's girlfriend. His father lived elsewhere.
At 3:00 A.M. on December 5, 1999, Reid was seen in good health. At 1:30 P.M. on the same date, his body was found inside the trailer. He had died from a heroin overdose.
On December 7, 1999, the police interviewed Bernal, who lived in the same trailer park. She admitted selling heroin to Reid on the evening of December 4, 1999.
Based on the foregoingthe record contains no other material evidencethe State charged Bernal with homicide by controlled substance (Count I.) Bernal filed a pre-trial motion to dismiss in which she alleged that the State could not prove the necessary corpus delicti and that the State lacked sufficient evidence to take the case to a jury. Ruling that the State could not prove the necessary corpus delicti, the trial court granted the motion. The State then filed this appeal.
Washington's version of the corpus delicti rule requires that the State produce evidence, independent of the accused's statements, sufficient to support a finding that the charged crime was committed by someone.[1] The rule does not require the State to establish who committed the charged crime.[2] A court considering whether the State has met its burden must take the evidence in the light most favorable to the State.[3]
Count I charged Bernal with controlled substances homicide. According to RCW 69.50.415, a person is guilty of that crime if he or she unlawfully delivers heroin that "is subsequently used by the person to whom it was delivered, resulting in the death of the user[ .]" To prove a corpus delicti for Count I, the State had to produce evidence, independent of Bernal's statements, sufficient to support findings that heroin was delivered to Reid, and that his use of it resulted in his death.
Count II charged delivery of heroin to a minor in violation of RCW 69.50.401(a). According to the first of those statutes, a person is guilty of that crime if he or she knowingly delivers heroin to another.[4] According *1108 to the second of those statutes, a person is subject to increased penalties if, while he or she is at least eighteen, he or she delivers to one who is under eighteen.[5] To prove a corpus delicti for Count II, the State had to produce evidence, independent of Bernal's statements, sufficient to support a finding that heroin was delivered to Reid by someone.
Bernal does not dispute that the State produced evidence sufficient to support a finding that Reid's use of heroin resulted in his death. The remaining question is the same for both counts: Did the State produce evidence, independent of Bernal's statements, sufficient to support a finding that the heroin was delivered to Reid by someone else?
The State did not produce such evidence. The record shows that Reid was found dead of a heroin overdose. Excepting Bernal's statement, the record shows absolutely nothing about how Reid acquired the heroin that caused his death. We can speculate that he acquired it by delivery, by stealing it, by finding it, or by some other meansbut the record gives no rational basis for inferring one possibility over the others.
According to the dissent, it is simply speculation unsupported by evidence that Reid could have found or stolen the heroin. We agree entirelybut it is equally speculative to infer that Reid obtained the heroin by delivery. There is simply no evidence, independent of Bernal's statements, from which to infer how Reid obtained heroin.
Washington's corpus delicti rule has not been satisfied, and the trial court correctly dismissed the case. Its judgment is affirmed.
I concur: SEINFELD, J.
BRIDGEWATER, J. (dissenting).
The majority has affirmed the dismissal of criminal charges for controlled substances homicide and delivery of a controlled substance to a minor. The basis for the affirmance is that there is no evidence of the element of delivery independent of the confession of the dealer who delivered the fatal heroin overdose to the fourteen year old.
The majority has correctly pinpointed the elements of controlled substances homicide as being (1) delivery of heroin, and (2) use that resulted in death. See RCW 69.50.415. The elements of delivery to a minor are (1) delivery of heroin to Reid, the 14 year old, (2) by a person. See RCW 69.50.406.
The majority then notes that Bernal did not dispute that the State produced sufficient evidence to support a finding that Reid's use of heroin resulted in his death. But, it finds no evidence that the heroin was delivered to Reid by someone else. Because the majority finds no independent evidence of delivery, it maintains that the corpus delicti rule has not been satisfied and the confession of the dealer is not admissible.
The majority overlooks the fact that Bernal also conceded that there was a logical, reasonable inference from the evidence that the heroin was delivered to Reid.[6] The trial court also found, based upon the independent evidence, that the heroin was delivered to Reid.[7] Whereas the majority holds that there is no evidence of delivery, the trial court and Bernal urged that the independent evidence supported a multiplicity of agencies of Reid's *1109 obtaining the heroin, both criminal and noncriminal. Thus, on the basis of the concession of criminal agency the majority incorrectly decided the case, and I dissent.
As a secondary basis, I would find that the trial court erred in finding that there were multiple agencies possible of obtaining the heroin which lead to his death, both criminal and noncriminal. The trial court relied on State v. Aten, 130 Wash.2d 640, 927 P.2d 210 (1996), and found that the evidence also supported inferences that Reid could have found or stolen the heroin. In Aten the Supreme Court stated that "the preferable rule under the facts of this case" was that "corpus delicti is not established when independent evidence supports reasonable and logical inferences of both criminal agency and noncriminal cause." Aten, 130 Wash.2d at 660, 927 P.2d 210. Thus, the trial court here dismissed, not on a lack of evidence, but upon the basis that the independent evidence supported multiple causes.
In Aten, the Supreme Court held that confessions or admissions of a person charged with a crime are not sufficient, standing alone, to prove the corpus delicti and must be corroborated by evidence independent of a defendant's statements. Aten, 130 Wash.2d at 655-56, 927 P.2d 210. But the proof need not be beyond a reasonable doubt or even a preponderance of the evidence; prima facie proof is sufficient. Aten, 130 Wash.2d at 656, 927 P.2d 210; City of Bremerton v. Corbett, 106 Wash.2d 569, 574-75, 723 P.2d 1135 (1986). "`Prima facie' in this context mean there is `evidence of sufficient circumstances which would support a logical and reasonable inference' of the facts sought to be proved." Aten, 130 Wash.2d at 656, 927 P.2d 210 (quoting State v. Vangerpen, 125 Wash.2d 782, 796, 888 P.2d 1177 (1995)). Because the State's burden is one of production rather than one of persuasion, the independent evidence need not be sufficient to support a conviction or even to send the case to the jury. Corbett, 106 Wash.2d at 578, 723 P.2d 1135; State v. Flowers, 99 Wash.App. 57, 60, 991 P.2d 1206 (2000).
In this case, the crux of the trial court's error in analyzing the evidence for corpus delicti is the trial court's confusion between independent evidence supporting reasonable and logical inferences compared to speculation that leads to mere possibilities. It is simply speculation unsupported by evidence that Reid could have found or stole the heroin. Here, the majority and I agree. Noncriminal agency as causation is not supported in Bernal's case.
Admittedly, the sparse facts surrounding Reid's death do not rule out every possibility of innocence. And the trial court examined the independent evidence to see if it could be consistent with any hypothesis of innocence. But, as the State submits, trial courts need not and should not search for other possible hypothesis of innocence. See State v. Ray, 130 Wash.2d 673, 681, 926 P.2d 904 (1996). Trial courts need not rule out every possible explanation of a death. Courts should not dismiss cases for lack of corpus delicti because the trial court discovered that the independent evidence allows for other possible inferences of innocence or noncriminal cause.
Reid was a fourteen year old child. His body did not have track marks, which indicated that he was a new or a first time user. He died in his residence of an overdose of heroin. These facts point to a naive user. The fact that he was a child carries some logical, reasonable inferences: that he was not a manufacturer of heroin and that he was not an importer. The nature of heroin itself carries with it some logical, reasonable inferences. Heroin is a Class I narcotic and absolutely prohibited even by prescription. RCW 69.50.204. It is illicit and distributed by criminal enterprises. It is not like some other controlled substances in that e.g. (1) it is not available by prescription and can be used by a person who would find it in another's medicine cabinet; and (2) it does not grow naturally, like psilocybin mushrooms that could be found and taken inadvertently. Also, there was no evidence that Reid was a heroin thief or that heroin could be found by him or other teenagers on playgrounds. There is a logical, reasonable inference that the lethal dose of heroin was delivered to him; thus, there is prima facie proof of delivery.
Bernal has conceded that there was sufficient independent evidence to support delivery *1110 of a controlled substance; and, I would hold that there is sufficient independent evidence to satisfy the corpus delicti rule as to delivery in both counts.
I dissent.
NOTES
[1] City of Bremerton v. Corbett, 106 Wash.2d 569, 574-75, 723 P.2d 1135 (1986); see also State v. Ray, 130 Wash.2d 673, 679, 926 P.2d 904 (1996); State v. Lung, 70 Wash.2d 365, 371-72, 423 P.2d 72 (1967); State v. Meyer, 37 Wash.2d 759, 763, 226 P.2d 204 (1951); State v. Flowers, 99 Wash. App. 57, 59-60, 991 P.2d 1206 (2000); State v. Pineda, 99 Wash.App. 65, 76-77, 992 P.2d 525 (2000); State v. Solomon, 73 Wash.App. 724, 728, 870 P.2d 1019, review denied, 124 Wash.2d 1028, 883 P.2d 327 (1994); 1 WAYNE R. LAFAVE & AUSTIN W. SCOTT, JR., SUBSTANTIVE CRIMINAL LAW § 1.4(b), at 24 (1986) (rule "embraces the fact that a crime has been committed by someone"). For other jurisdictions' versions of the rule, see 4 FRANCIS WHARTON WHARTON'S CRIMINAL EVIDENCE § 648, at 201-05 (Charles E. Torcia, ed. 14th ed.1987).
[2] Corbett, 106 Wash.2d at 574, 723 P.2d 1135; see also Meyer, 37 Wash.2d at 763, 226 P.2d 204; Flowers, 99 Wash.App. at 60, 991 P.2d 1206; Pineda, 99 Wash.App. at 76-77, 992 P.2d 525; Solomon, 73 Wash.App. at 728, 870 P.2d 1019; State v. Neslund, 50 Wash.App. 531, 542, 749 P.2d 725, review denied, 110 Wash.2d 1025 (1988); LAFAVE, supra note 1, § 1.4(b), at 24.
[3] Ray, 130 Wash.2d at 679, 926 P.2d 904; State v. Aten, 130 Wash.2d 640, 658, 927 P.2d 210 (1996); State v. Smith, 115 Wash.2d 775, 782 n. 1, 801 P.2d 975 (1990); Corbett, 106 Wash.2d at 571, 723 P.2d 1135; Lung, 70 Wash.2d at 372, 423 P.2d 72; Flowers, 99 Wash.App. at 59-60, 991 P.2d 1206; Pineda, 99 Wash.App. at 77, 992 P.2d 525; Solomon, 73 Wash.App. at 727, 870 P.2d 1019; Neslund, 50 Wash.App. at 544, 749 P.2d 725.
[4] See State v. Langworthy, 92 Wash.2d 148, 152, 594 P.2d 908 (1979) ("delivery necessarily requires the participation of two persons"). I omit State v. Boyer's requirement of knowledge, as it makes no difference here. See State v. Boyer, 91 Wash.2d 342, 344, 588 P.2d 1151 (1979).
[5] See State v. Nass, 76 Wash.2d 368, 372, 456 P.2d 347 (1969) (former RCW 69.33.410(4) provided for increased penalties but did not establish separate offense), superseded by statute, on other grounds, State v. Hernandez, 53 Wash.App. 702, 705, 770 P.2d 642, review denied, 112 Wash.2d 1028 (1989).
[6] Respondent, in her brief, states, "The defense concedes, as it must, that this inference is reasonable under the facts of this case." Br. of Resp't at 16.
[7] The court in its conclusions of law stated, "Although delivery of the heroin within the State of Washington to Zack Reid in one possible logical inference from the independent evidence, it is not the only such logical inference." CP at 43.