40 P.3d 690 (2002)
110 Wash.App. 285
STATE of Washington, Respondent,
v.
C.M.C., Appellant.
No. 48116-9-1.
Court of Appeals of Washington, Division 1.
February 19, 2002.
*691 Oliver Ross Davis, Washington Appellate Project, Seattle, for Appellant.
Julie A. Kays, King County Deputy Prosecuting Attorney, Seattle, for Respondent.
PER CURIAM.
The corpus delicti of taking a motor vehicle without permission does not require evidence independently establishing the mens rea element of knowledge. Because the record contains independent evidence establishing that the vehicle was taken without permission and that C.M.C. rode in it, her confession was properly admitted and her conviction is affirmed.
On July 25, 2000, Misuek Clark discovered her Acura Integra automobile missing from her home in Tacoma. She reported her car stolen. Later that day Bellevue police officers investigating a shoplifting report encountered Clark's daughter Stacey and her friend C.M.C. C.M.C. agreed to return a stolen jacket from the car and gave police officers the keys. Police officers located the car and learned that it was reported stolen. C.M.C. was charged with taking a motor vehicle without permission.
At the fact-finding hearing, an officer testified that C.M.C. waived her Miranda[1] rights and admitted riding in the car and admitted knowing that Stacey, who was too young to have a license, did not have permission to drive it. The trial judge overruled C.M.C.'s objection that her admissions were inadmissible for want of independent proof of the corpus delicti. C.M.C. then testified that she rode in the car but believed Stacey had taken it with her mother's permission. The trial court found C.M.C. committed the offense and sentenced her to the standard range.
To convict C.M.C. of taking a motor vehicle without permission, the State must prove, among other elements, that C.M.C. knew the car was stolen.[2] C.M.C. confessed to having such knowledge, but her extrajudicial confession is inadmissible unless the State establishes the corpus delicti of the offense by independent proof. C.M.C. contends that the corpus delicti for the offense of taking a motor vehicle without permission requires evidence independently establishing the mens rea element of knowledge. We disagree. "The `corpus delicti'[3] of the crime charged refers to the `objective proof or substantial fact that a crime has been committed.'"[4] The traditional statement of the "corpus delicti rule" is set forth in State v. Meyer:
The confession of a person charged with the commission of a crime is not sufficient to establish the corpus delicti, but if there is independent proof thereof, such confession may then be considered in connection therewith and the corpus delicti established by a combination of the independent proof and the confession.
The independent evidence need not be of such a character as would establish the corpus delicti beyond a reasonable doubt, or even by a preponderance of the proof. It is sufficient if it prima facie establishes the corpus delicti.[5]
In other words, the corpus delicti rule generally requires proof, independent of the accused's extrajudicial statements, "that a crime was committed by someone."[6] The underlying premise of the rule is that an accused's statements, standing alone, are insufficient to support an inference that the crime was committed.[7] In assessing whether *692 there is sufficient evidence of the corpus delicti, this Court assumes the truth of the State's evidence and all reasonable inferences from it in a light most favorable to the State.[8]
Corpus delicti generally involves only two elements: (1) an injury or loss (e.g., death or missing property), and (2) someone's criminal act as the cause thereof.[9] While the mens rea is an essential element of the offense, it is separate and distinct from the initial question of whether the body of the crime has been established.[10]
Courts have sometimes stated in dicta that certain crimes not involving an injury or loss necessarily require identification of a particular defendant to establish that a crime in fact has been committed.[11] But we agree with Division II in State v. Flowers[12] that the proposition is more precisely stated that for such crimes there are "certain sets of facts where the identity of a particular person must be established as part of corpus delicti[.]"[13] Generally, proof of identity of a person who committed a crime is not part of corpus delicti, which only requires proof that a crime was committed by someone.[14] Such is the case here where the facts of C.M.C.'s crime involve the traditional corpus delicti element of injury or loss.
Clark testified that her vehicle was stolen and that she had not given Stacey or C.M.C. permission to ride in it. C.M.C. admitted in court under oath that she rode in the vehicle.[15] This independent evidence is sufficient to demonstrate that "a crime was committed by someone."[16] C.M.C.'s confession could thus be considered.
Affirmed.
NOTES
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
[2] A person is guilty of taking a motor vehicle without permission if, without permission of the owner, he voluntarily rides in a vehicle with knowledge that it was unlawfully taken. RCW 9A.56.070.
[3] "Corpus delicti" literally means "body of the crime." State v. Aten, 130 Wash.2d 640, 655, 927 P.2d 210 (1996).
[4] State v. Solomon, 73 Wash.App. 724, 727, 870 P.2d 1019 (1994) (quoting Black's Law Dictionary 344 (6th ed. 1990)).
[5] State v. Meyer, 37 Wash.2d 759, 763-64, 226 P.2d 204 (1951) (citations omitted).
[6] State v. Flowers, 99 Wash.App. 57, 59-60, 991 P.2d 1206 (2000).
[7] Flowers, 99 Wash.App. at 60, 991 P.2d 1206; Aten, 130 Wash.2d at 655-56, 927 P.2d 210.
[8] Aten, 130 Wash.2d at 658, 927 P.2d 210.
[9] City of Bremerton v. Corbett, 106 Wash.2d 569, 573-74, 723 P.2d 1135 (1986).
[10] See Aten, 130 Wash.2d at 655-56, 927 P.2d 210 (for corpus delicti of murder, State need only show that a death occurred and that the death was caused by a criminal act). Accord State v. Burnette, 78 Wash.App. 952, 956, 904 P.2d 776 (1995) (corpus delicti rule does not require State to establish underlying felony to establish corpus delicti of felony murder: "Washington's corpus delicti rule does not require the State to establish acts constituting every essential element....").
[11] State v. Smith, 115 Wash.2d 775, 781, 801 P.2d 975 (1990); State v. Solomon, 73 Wash.App. 724, 728, 870 P.2d 1019 (1994).
[12] State v. Flowers, 99 Wash.App. 57, 61, 991 P.2d 1206 (2000).
[13] Flowers, 99 Wash.App. at 61, 991 P.2d 1206 (emphasis in original).
[14] Flowers, 99 Wash.App. at 60, 991 P.2d 1206.
[15] State v. Liles-Heide, 94 Wash.App. 569, 970 P.2d 349 (1999) (when a defendant testifies following the trial court's denial of her corpus delicti objection, the appellate court reviews the record as a whole, including the defendant's testimony, to determine whether there was sufficient independent evidence to support the inference that the crime occurred).
[16] Bremerton v. Corbett, 106 Wash.2d at 574, 723 P.2d 1135, Flowers, 99 Wash.App. at 60, 991 P.2d 1206.