IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 38865-4-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| JAMES L. MOORE, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, J. — James L. Moore appeals his conviction for felony violation of a

protection order. We affirm.

FACTS

On January 18, 2022, Winnifred J. Williams was granted a temporary protection

order against James Leonard Moore that was valid through January 31, 2022. The order

prohibited Mr. Moore from coming within 1,000 feet of Ms. Williams's home.

While at her home on January 19, 2022, Ms. Williams heard someone

unsuccessfully trying to unlock the front door. She looked through the peephole and saw

it was her grandnephew, Mr. Moore. Ms. Williams said through the door, "'James, you're

not supposed to be here. You have to leave.'" Rep. of Proc. (RP) (Mar. 28, 2022) at 57.

Mr. Moore did not say anything, sat on a porch chair, smoked a cigarette, and then left.

Ms. Williams called 911 to report the incident. Responding to the call, Officer Ryan Thomas located Mr. Moore approximately eight blocks away from Ms. Williams's home. Mr. Moore raised his hands and flagged down Officer Thomas to speak with him. Mr. Moore told Officer Thomas there was a protection order against him and he needed the officer's assistance in retrieving his items from the house. Mr. Moore stated he had spoken with another officer the night before, and that officer advised Mr. Moore about the existence of the protection order and the need to schedule a civil standby to retrieve personal items. Believing he had 24 hours before the order took effect, Mr. Moore told Officer Thomas he had unsuccessfully attempted to retrieve his belongings himself earlier that day.

Mr. Moore was arrested and charged under former RCW 26.50.110 (2019) with felony violation of a protection order. The case proceeded to a bench trial. The State relied on Mr. Moore's statements to Officer Thomas to establish Mr. Moore knew of the protection order at the time it was violated. At the end of the State's case-in-chief, Mr. Moore moved to dismiss the case. He argued there was insufficient evidence to establish the corpus delicti of the crime charged. Mr. Moore claimed knowledge is an element of the corpus delicti of the crime, and that the State failed to prove evidence of knowledge beyond his extrajudicial admission to Officer Thomas. Further, he argued that

because the State failed to provide evidence that Mr. Moore had been served with the order, it could not prove that a valid protection order existed to begin with.

The trial court denied the motion. Relying on *City of Auburn v. Solis-Marcial*, 119 Wn. App. 398, 79 P.3d 1174 (2003), the court reasoned that the statute[1] did not require proof of service of the protection order, but merely evidence that the defendant knew of the existence of the order. In addition, the court reasoned that knowledge of a protection order is not an element of the corpus delicti of the crime. Thus, the State was not required to introduce evidence to corroborate Mr. Moore's statement regarding knowledge.

After the mid-trial denial of the motion to dismiss, the defense presented its case-in-chief and called Mr. Moore to the stand. Mr. Moore testified he knew of the order at the time it was violated. At the conclusion of trial, the court found Mr. Moore guilty of felony violation of a protection order. In its conclusions of law, the court concluded

---

[1] The statute analyzed was the Domestic Violence Protection Act, chapter 26.50 RCW; *see* RP (Mar. 28, 2022) at 84-85. In 2021, the legislature repealed chapter 26.50 RCW, recodified certain sections of that former statute, and enacted other statutory provisions governing access to civil protection orders, effective July 1, 2022. *See* LAWS OF 2021, ch. 215; *see also* LAWS OF 2022, ch. 268 (making additional changes to the new statutory scheme). Because the offense conduct here preceded this effective date, we cite to former chapter 26.50 RCW, which was still in effect at the time of the superior court's bench trial. Civil protection orders are now addressed in chapter 7.105 RCW.

that "Mr. Moore knew of the existence of this order." Clerk's Papers at 92.

Mr. Moore timely appeals his judgment and sentence.

ANALYSIS

Mr. Moore argues the State violated the corpus delicti rule by failing to corroborate his extrajudicial statement to Officer Thomas in order to establish the element of knowledge. The State responds that knowledge is not part of the corpus delicti of the crime of violation of a no-contact order. We need not reach the particulars of the parties' dispute. Regardless of whether knowledge is an element of corpus delicti, Mr. Moore waived his objection to the sufficiency of the State's proof by taking the stand and admitting knowledge of the no-contact order.

The term "corpus delicti" means "'body of the crime.'" *State v. Brockob*, 159 Wn.2d 311, 327, 150 P.3d 59 (2006) (quoting *State v. Aten*, 130 Wn.2d 640, 655, 927 P.2d 210 (1996). The general corpus delicti rule is that "[a] defendant's incriminating statement alone is not sufficient to establish that a crime took place." *Id.* at 328 (footnote omitted). The purpose behind the rule is to "prevent defendants from being unjustly convicted based on confessions alone." *State v. Dow*, 168 Wn.2d 243, 249, 227 P.3d 1278 (2010). While a violation of the rule can be raised through an evidentiary challenge,

"corpus delicti is, at heart, a rule of sufficiency." *State v. Cardenas-Flores*, 189 Wn.2d 243, 263, 401 P.3d 19 (2017).

The State has the burden of producing sufficient evidence to satisfy the corpus delicti rule during its case-in-chief at trial. *See id.* at 252. If the defense declines to present evidence at trial, we will review application of the corpus delicti rule solely in light of the State's evidence. But if a defendant elects to present evidence in their case-in-chief, things change.

> [W]hen the defendant elects to introduce substantive evidence on [their] own behalf following the denial of a corpus delicti motion, the defendant waives [their] challenge to the sufficiency of the evidence as it stood at that point. The appellate court may then review the evidence as a whole to determine whether there is sufficient independent evidence supporting a logical and reasonable inference that the crime charged occurred.

*State v. McPhee*, 156 Wn. App. 44, 60, 230 P.3d 284 (2010) (quoting *State v. Liles-Heide*, 94 Wn. App. 569, 572, 970 P.2d 349 (1999)).

In the case at hand, Mr. Moore took the stand at trial and admitted he made the out-of-court statement to Officer Thomas. Mr. Moore testified that on the night before his arrest, "officers" approached him with a "piece of paper saying that there was a temporary no-contact order in place." RP (Mar. 28, 2022) at 95. He admitted they handed him the order and briefly explained it to him. On cross-examination, Mr. Moore testified that he

5

No. 38865-4-III
*State v. Moore*

went to the address listed on the protection order specifically to get his things and that he knew he was not supposed to be there.

Mr. Moore's in-court testimony fully corroborated his extrajudicial statement to Officer Thomas. Given this circumstance, his arguments regarding corpus delicti "'cannot prevail on appeal.'" *McPhee*, 156 Wn. App. at 60-61 (quoting *State v. Pietrzak*, 110 Wn. App. 670, 680, 41 P.3d 1240 (2002)). *See also State v. C.M.C.*, 110 Wn. App. 285, 287, 289-90, 40 P.3d 690 (2002); *Liles-Heide*, 94 Wn. App. at 572-73.

## CONCLUSION

Mr. Moore was not convicted in violation of the corpus delicti rule. The judgment and conviction is affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Pennell, J.

WE CONCUR:

Lawrence-Berrey, A.C.J.

Staab, J.

6